UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.

KAREN LUCKADO,

    Plaintiff,

v.                                **JURY TRIAL DEMANDED**

EL SHADDAI MOTEL GROUP, LLC, a Florida
limited liability company; HERON HOUSE
APARTMENTS OF STEINHATCHEE, LLC, a
Florida limited liability company; PRETORIUS
FAMILY, LLC, a Florida limited liability
Company; SUSANNA CREAMER a/k/a SUSAN
PRICE, an individual; FLOYD E. CREAMER,
an individual, and MARCELO CUNHA,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, KAREN LUCKADO, ("LUCKADO"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, EL SHADDAI MOTEL GROUP, LLC, a Florida limited liability company; HERON HOUSE APARTMENTS OF STEINHATCHEE, LLC, a Florida limited liability company; PRETORIUS FAMILY, LLC, a Florida limited liability Company; SUSANNA CREAMER a/k/a SUSAN PRICE, an individual; FLOYD E. CREAMER, an individual, and MARCELO CUNHA.

## INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution and Fla. Stat. §448.110.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  At all times pertinent to this Complaint, the corporate Defendant, EL SHADDAI MOTEL GROUP, LLC, was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, EL SHADDAI MOTEL GROUP, LLC regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. In addition, at all times pertinent to this Complaint, the corporate Defendant, HERON HOUSE APARTMENTS OF STEINHATCHEE, LLC, was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, HERON HOUSE APARTMENTS OF STEINHATCHEE, LLC regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. Furthermore, the corporate Defendant, PRETORIUS FAMILY, LLC, was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, PRETORIUS FAMILY, LLC regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. The Defendants operated a group of inns and apartments at different locations in/near Steinhatchee, Florida.  Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.  These materials included office supplies, telephones, computers, electronic equipment, paper, bedding, and other materials necessary for the operation of an inn.

6. During the relevant time period described herein, Defendants employed the Plaintiff and at least two other employees who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included office supplies, telephones, computers, electronic equipment, paper, bedding and other materials necessary for the operation of an inn.

7. During the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000.00 in accordance with §203(s)(1)(A)(ii).

8. In addition to the foregoing, the Plaintiff is entitled to the protections of the FLSA as she was "individually covered" by that statute. During the Plaintiff's employment, she was required to use instrumentalities of interstate commerce on a regular and recurrent basis every week. The Plaintiff used instrumentalities of interstate commerce (telephone/internet/email/text messaging) to, *inter alia,* assist in the operating of the Defendants' inn and apartment rentals, particularly as to guests residing out-of-state, seeking reservations.

9. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Northern District of Florida.

10. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern of Florida.

## **VENUE**

11. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Northern District of Florida

   and,

  b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

12. At all times material hereto, Plaintiff, LUCKADO was a resident of Taylor County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

13. At all times material hereto, the Defendants were conducting business in Steinhatchee, Florida.

14. At all times material hereto, Defendants were the employers of Plaintiff, LUCKADO.

15. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

16. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, LUCKADO her lawfully earned wages in conformance with the FLSA.

17. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

18. At all times material hereto, corporate Defendant, EL SHADDAI MOTEL GROUP, LLC, was an "enterprise engaged in commerce" within the meaning of the FLSA.

19. At all times material hereto, corporate Defendant, HERON HOUSE APARTMENTS OF STEINHATCHEE, LLC was an "enterprise engaged in commerce" within the meaning of the FLSA.

20. At all times material hereto, corporate Defendant, PRETORIUS FAMILY, LLC was an "enterprise engaged in commerce" within the meaning of the FLSA.

21. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

22. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

23. From about February 1, 2018 to about October 15, 2021, the Plaintiff was employed by the Defendants at their various inns/rental properties.

24. Plaintiff, LUCKADO was paid a gross amount of $100.00 per week.

25. The Plaintiff generally worked about 7 days per week, and about 70 hours per week, on average.

26. During Plaintiff, LUCKADO's employment, Defendants failed to pay the Plaintiff at or above the applicable minimum wage for all hours worked.

27. In addition, Plaintiff, LUCKADO worked in excess of forty hours per week, but was not paid at the rate of time-and-one-half her regular rate of pay.

28. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each and every hour worked by Plaintiff in conformance with the applicable law.

29. Defendants, SUSANNA CREAMER a/k/a SUSAN PRICE, FLOYD E. CREAMER and MARCELO CUNHA were supervisors and manager/owners who were involved in the day-to-day operations of EL SHADDAI MOTEL GROUP, LLC, HERON HOUSE APARTMENTS OF STEINHATCHEE, LLC, and PRETORIUS FAMILY, LLC and/or were directly responsible for the supervision of Plaintiff. Therefore, they are personally liable for the FLSA violations.

30. Defendants, SUSANNA CREAMER a/k/a SUSAN PRICE, FLOYD E. CREAMER and MARCELO CUNHA were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

31. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

32. Plaintiff, LUCKADO realleges Paragraphs 1 through 31 as if fully stated herein.

33. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

34. Plaintiff was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

35. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

36. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due her.

37. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the

hours worked in excess of forty (40) hours per week when it knew or should have known such was due.  Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

38. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

    a.  Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

    b.  Awarding Plaintiff overtime compensation in the amount calculated;

    c.  Awarding Plaintiff liquidated damages in the amount calculated;

    d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.  Awarding Plaintiff post-judgment interest; and

    f.  Ordering any other and further relief this Court deems to be just.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

40. Plaintiff realleges Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

41. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

42. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

43. Plaintiff was paid below the applicable minimum wage for work hours.

44. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

45. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT III

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

46. Plaintiff, LUCKADO realleges Paragraphs 1 through 31 as if fully stated herein.

47. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

48. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for all of her work hours.

49. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to her back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such violation;

g. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: December 1, 2021.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road
Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com

By: /*s/. Peter Bober*
FBN: 0122955