UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.  4:21-cv-00480-MW-MAF


KAREN LUCKADO,

      Plaintiff,

v.

EL SHADDAI MOTEL GROUP, LLC, a Florida
limited liability company; HERON HOUSE
APARTMENTS OF STEINHATCHEE, LLC, a
Florida limited liability company; PRETORIUS
FAMILY, LLC, a Florida limited liability
Company; SUSANNA CREAMER a/k/a SUSAN
PRICE, an individual; FLOYD E. CREAMER,
an individual, and MARCELO CUNHA, an
individual,

      Defendants.

_____/

## PLAINTIFF'S MOTION TO COMPEL INTERROGATORY RESPONSES FROM DEFENDANTS, SUSAN CREAMER, FLOYD CREAMER AND MARCELO CUNHA

The Plaintiff, by and through undersigned counsel and pursuant to Rules 26,

33, 34 and 37 Fed.R.Civ.P., files this Motion to Compel Interrogatory Responses

from Defendants,  SUSAN CREAMER, FLOYD CREAMER and MARCELO

CUNHA, and states as follows:

## I.   <u>BACKGROUND</u>

The Plaintiff's case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. for unpaid minimum and overtime wages. *See* Complaint (ECF No. 1). The Plaintiff has also brought a claim for minimum wages under the Florida Constitution's Minimum Wage Amendment ("FMWA"), Art. X §24 Fla. Const. *Id*. From about February 1, 2018 to about October 15, 2021, the Plaintiff was employed by the Defendants at their various inns/rental properties.  Complaint at ¶12. Despite working seven days per week, the Defendants paid the Plaintiff $100.00 per week. Id. at ¶¶24-25.

On January 19, 2022, the Plaintiff served Defendants Susan Creamer, Floyd Creamer and Marcelo Cunha with a First Set of Interrogatories, respectively.  Susan Creamer, Floyd Creamer and Marcelo Cunha served their Answers to Interrogatories, respectively, on February 25, 2022. The subject discovery discussed *infra,* is attached as follows:

1.   Interrogatories to Susan Creamer                  (attached as **Exhibit 1**);

2.   Answers to Interrogatories by Susan Creamer    (attached as **Exhibit 2**);

3.   Interrogatories to Floyd Creamer                  (attached as **Exhibit 3**);

4.   Answers to Interrogatories by Floyd Creamer    (attached as **Exhibit 4**);

5.   Interrogatories to Marcelo Cunha                  (attached as **Exhibit 5**);

6.     Answers to Interrogatories by Marcelo Cunha      (attached as **Exhibit 6**);

## II.     <u>MEMORANDUM OF LAW</u>

Pursuant to Rule 33, Fed.R.Civ.P., the party upon whom interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories.   Fed.R.Civ.P. 33(b)(2).    Rule 37(a)(3), Fed.R.Civ.P. further provides that if a party fails to answer an interrogatory submitted under Rule 33, the discovering party may move for an order compelling an answer.   A movant may seek the expenses associated with filing the motion to compel pursuant to Rule 37(a)(5).

Ultimately, Susan Creamer, Floyd Creamer and Marcelo Cunha have raised meritless, nearly identical boilerplate objections.  Because such little effort went into responding, the Plaintiff seeks attorneys' fees, *infra*.

## III.     <u>INTERROGATORIES TO SUSAN CREAMER</u>

The Plaintiff seeks to compel full and complete responses to Interrogatory #'s **1, 2, 3, 4 and 6** (and without untimely objections) as follows:

### <u>Interrogatory No. 1</u>:
What is your legal name (including middle names), home address, all other names or aliases that you have been known, and your date and place of birth.

**RESPONSE:**

**Susanna Creamer**
**16148 SE Highway**
**19 Cross City, FL**
**32628**

**6/18/1970**
**South Africa**

**Argument:**  The answer is deficient because the address provided is *not* a home address, but a *motel* address for El Shaddei Motel Group.  *See* **Exhibit 7**. The Plaintiff is entitled to a home address.  Under Federal Rule of Civil Procedure 26(a)(1)(A)(i),

> a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

26(a)(1)(A)(i)  Fed.R.Civ.P.    The  requirements of Rule   26(a) are  *mandatory*. *Altheim v. Geico Gen. Ins. Co.,* 2010 U.S. Dist. LEXIS 150256, at *2-3 (M.D. Fla. May 17, 2010)(emphasis supplied).  "The goal of the initial disclosure requirement is to accelerate the exchange of basic information about the case." *King v. City of Waycross, Ga.*, No. 5:14-cv-32, 2015 U.S. Dist. LEXIS 124468, 2015 WL 5468646, at *2 (S.D. Ga. Sept. 17, 2015) (citation omitted). "If a party fails to provide initial disclosures, any other party may move to compel the disclosures and for appropriate sanctions." *Pedro-Mejia v. Franco Plastering Inc.*, No. 2:17-cv-452-FtM-99CM, 2018 U.S. Dist. LEXIS 29052, 2018 WL 1035844, at *3 (M.D. Fla. Feb. 23,

4

2018) (citing Fed. R. Civ. P. 37(a)(3)); *E-Professional Techs. LLC v. Primehealth of Ill., Inc.*, 2020 U.S. Dist. LEXIS 122462, at *2-3 (M.D. Fla. July 14, 2020).  In *Van Hoek v. McKesson Corp.* the court held that:

> Moore's Federal Practice describes the disclosure requirement of Rule 26(a)(1)(A)(i) as "the functional equivalent of standing court-ordered interrogatories," and further explains that "if some or all of the identified individuals are employees of the disclosing party, their home addresses and telephone numbers must be disclosed." 6 Moore's Federal Practice § 26.22(4)(a)(i). Furthermore, "[t]he disclosing party does not satisfy the initial disclosure obligation by providing only its business address and telephone number, even for employees with managerial responsibilities, unless the disclosing party knows no other address." *Id.* The disclosure obligation is also subject to a duty to supplement, under Rule 26(e)(1).

*Van Hoek v. McKesson Corp.* 2018 U.S. Dist. LEXIS 103880, at *2-3 (M.D. Fla. June 21, 2018).[1]  "[A] party may not satisfy its Rule 26(a)(1) obligations simply by disclosing its business address and phone number, unless it knows of no other address  and number." *See Thurby v. Encore Receivable Mgmt.*, 251 F.R.D. 620, 621 (D. Colo. 2008). *See also*, *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427 (N.D. Cal. 2008)(same); *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 689 (D. Kan. 1996)(finding that a company does not meet its Rule 26 obligations for its employees by merely providing its business address and phone number, unless it knows of no other address and number).

Based on the foregoing, Susan Creamer should provide her home address.

---

[1] The *Van Hoek* court held that "personal contact information such as home addresses and telephone numbers usually are not considered private because they are regularly disclosed to friends, relatives, companies, schools, and the like, and may be needed by opposing party to conduct thorough background investigations of the witnesses)(citation omitted); *see also Castle v. Sangamo Weston, Inc.,* 744 F.2d 1464, 1467 (11th Cir. 1984) (holding that names and contact information of witnesses are non-privileged information and are discoverable).  Moreover,

**Interrogatory No. 2:**

Please state whether Plaintiff performed any work or services for any company or business entity which you owned, managed, operated, oversaw, were a shareholder, member, or had an equitable, legal or financial interest. If so, identify each such entity, the Plaintiffs dates of work, her work hours, and the amounts she was paid.

**RESPONSE: Plaintiff worked at Heron House Apartments of Steinhatchee, LLC. Her main duties were to clean apartments after guests vacated. She was paid the equivalent of $350/week in furnished housing, $100/week cash, plus an average of $75 per week depending on her cleaning activities that week.**

> **Argument:**   The answer is ambiguous because it only speaks about Plaintiff's work at Heron House (even though the question asks about any work Plaintiff performed for Defendants or any *other* entities).   The Plaintiff alleges to have worked at the Defendants' *multiple* inns.   Complaint at ¶12.

> Second, the answer is also not responsive because, *inter alia*, Susan Creamer fails to provide the number of hours Plaintiff worked or even the *dates* of her work.   This is the most basic discovery in an FLSA case, yet Heron House fails to provide a straight answer.   Third, the answer talks about Plaintiff's "main duties," however this is vague and ambiguous, particularly where the Plaintiff has served discovery responses showing being the principal person handling "Airbnb" bookings for lodging.   *See, e.g.,* Plaintiff's

<u>Texts</u> (Plf. Bates 0013 to 0077), attached as **Exhibit 8.**  There is considerable evidence showing Plaintiff's work went way beyond just cleaning, *see id.,* thereby making the interrogatory answer, incomplete.   Fourth, it is also vague and ambiguous the phrases "equivalent" and "average".  The Plaintiff has no idea what this means.  Ultimately, if Susan Creamer does not know the answer to the question, she should come out and say it, rather than provide an ambiguous response.   Notably, Susan Cramer has not raised an objection.  Thus, it should be required to answer all the subparts pursuant to Rule 37.

**Interrogatory No. 3:**
Identify any money, compensation or thing of value which you received from any other Defendant from 2017 to the present. For each instance, identify the payor, the amount, date, the reason for each payment, and how each payment was calculated.

**RESPONSE: Defendant objects to this request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case.**

        <u>Argument</u>:  The response is nothing more than a boilerplate objection, and therefore, must be rejected by the Court.   *See* Local Rule 26.1(C) (N.D. Fla.)("Boilerplate objections are strongly disfavored.").   Susan Creamer was the owner and operator of the Defendant companies and oversaw the Plaintiff's work.   *See* Complaint at ¶¶29-30.   Her wage information

corresponds to, and creates a direct inference, about her high-level involvement for the multiple corporate Defendants, and especially the importance of her role and duties.  Similarly, by determining "who was paying who" the Plaintiff can determine which of the Defendants was paying for the work she was doing *across multiple properties*.  Similarly, by whom the individual Defendants were being paid, the Plaintiff will be able determine "employer" liability under the FLSA.[2]

**<u>Interrogatory No. 4</u>:**
From 2017 to the present, please state whether Plaintiff was given cash, directly or indirectly, from you or any other of the Defendants. If so, please identify whom; the date of each and every cash payment, the amount of every cash payment, the number of hours of work each cash payment was designed to cover, the business or financial institution from which each and every cash payment was obtained so payment could be made, the persons involved in delivering or in any way processing or handling each cash payment, whether the wages paid to Plaintiff were either identified or made part of your tax filings, and identify the creation date of each document reflecting cash payments made. Please identify all documents relied upon in responding.

---

[2] The FLSA creates a private right of action against any "employer" who violates its minimum wage or overtime provisions. FLSA, 29 U.S.C. §216(b). "The Act defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'" *Lamonica v. Safe Hurricane Shutters*, 711 F.2d 1229, 1309 (11th Cir. 2013) (citation omitted) (determining that corporate supervisors other than officers may be personally liable under the FLSA, and clarifying the degree and type of control that will support individual liability). The FLSA contemplates imposing liability upon individuals. *Lamonica*, 711 F.2d at 1313.  For an individual to qualify as an employer under the FLSA, he "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel v. Wargo*, 803 F2d 632, 638 (11th Cir. 1986). Here, the Plaintiff has served discovery to determine the liability of the individual Defendants.

**RESPONSE:** *See* **Defendant's response to Interrogatory No. 2.**

**Argument:**    The Plaintiff reincorporates her Argument as to Interrogatory # 2, *supra*.   Nevertheless, Susan Creamer's reincorporation of her answer to Interrogatory # 2 is not helpful because it does not answer the question posed in Interrogatory # 4 as to whether Plaintiff was given *cash*, who (directly or indirectly) gave her the cash, and the other information sought about the cash payments.  The Defendant should be compelled to answer regarding the cash payments and fully answer the other subparts of Interrogatory # 4.

**Interrogatory No. 6:**
Did you ever communicate with the Plaintiff by text messaging, social media, email, web-based application ("app"), telephone or in person? If so, please identify your phone or cell carriers, phone numbers, the date of each communication and the substance of each communication.

**RESPONSE: Yes.  Defendant will produce all communications in her possession, custody, or control.**

**Argument:** The Plaintiff's counsel has called and emailed the Defendant's counsel multiple times to coordinate the data extraction from electronic devices, including but not limited to cell phones.  The Defendants have not produced all responsive records (only some), and are not cooperating with undersigned's efforts to promptly send out the Defendants' electronic devices to a professional for data

9

extraction.[3]  The Defendant should be compelled to produce *all* cell phone, texting

and other electronic communications and fully cooperate with efforts to extract such

data.

## IV.   INTERROGATORIES TO FLOYD CREAMER

The Plaintiff seeks to compel full and complete responses to Floyd Creamer's

Interrogatory #'s **1, 3, 4 and 5** (and without untimely objections) as follows:

**Interrogatory No. 1:**
What is your legal name (including middle names), home address, all other names
or aliases that you have been known, and your date and place of birth.

> **RESPONSE: Defendant objects to this request as date and place of birth
> are not information that is pertinent to this action. Without waiving
> objections defendant states:**
>
> **Floyd Creamer**
> **c/o Ashwin Trehan,**
> **Esq. SPIRE LAW, LC**
> **2572 W. State Road 426, Suite 2088**
> **Oviedo, Florida 32765**
>
> **Argument:**   The answer fails to provide a date and place of birth.  It

is also not sufficient for Floyd Creamer to refuse to provide his home address. *See*

Plaintiff's Argument as to Interrogatory 1 for Susan Creamer (Section III).  Floyd

---

[3] There is more electronic data than anticipated, initially.  The Plaintiff has offered to send out
her phone for data extraction as well.  Yet, despite efforts to work collectively so all electronic
data can be provided the Defendants have stonewalled.

Creamer should compelled to answer fully and completely.

**Interrogatory No. 3:**

Identify any money, compensation or thing of value which you received from any other Defendant from 2017 to the present. For each instance, identify the payor, the amount, date, the reason for each payment, and how each payment was calculated.

**RESPONSE: Defendant objects to this request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case.**

> **Argument:**   The Plaintiff reincorporates the same Argument as set forth in
>
> Interrogatory # 3 for Susan Creamer, *supra* (Section III).

**Interrogatory No. 4:**

From 2017 to the present, please state whether Plaintiff was given cash, directly or indirectly, from you or any other of the Defendants. Is so, please identify whom; the date of each and every cash payment, the amount of every cash payment, the number of hours of work each cash payment was designed to cover, the business or financial institution from which each and every cash payment was obtained so payment could be made, the persons involved in delivering or in any way processing or handling each cash payment, whether the wages paid to Plaintiff were either identified or made part of your tax filings, and identify the creation date of each document reflecting cash payments made. Please identify all documents relied upon in responding.

**RESPONSE: Defendant objects to this request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case. Additionally, Defendant cannot answer on behalf of other Defendants.**

> **Argument:**   The Plaintiff reincorporates the same Argument as set forth in
>
> Interrogatory # 4 for Susan Creamer, *supra.*

**Interrogatory No. 5:**
Please describe in detail, your duties, responsibilities, work or involvement, if any, did you have with Heron House, Riverside House, or any other Defendant in this case.

**RESPONSE:  I have an ownership interest in Pretorious Family, LLC [sic], but am not involved in operations.**

> **Argument:**   The answer is ambiguous insofar as whether Floyd Creamer had ownership or any involvement with defendants *other than* Defendant, Pretorius Family, LLC.  To the extent that Floyd Creamer has an ownership interest in Pretorius Family, LLC, he fails to "*describe in detail,"* his "duties, responsibilities, work or involvement."

## V.    INTERROGATORIES TO MARCELO CUNHA

The Plaintiff seeks to compel full and complete responses to Marcelo Cunha's

Interrogatory #'s **1, 2, 3, 4 and 5** (and without untimely objections) as follows:

**Interrogatory No. 1:**
What is your legal name (including middle names), home address, all other names or aliases that you have been known, and your date and place of birth.

**RESPONSE: Defendant objects to this request as date and place of birth are not information that is pertinent to this action. Without waiving objections, defendant states:**

  **Marcelo Cunha**

**c/o Ashwin Trehan, Esq.**
**SPIRE LAW, LLC**
**2572 W. State Road 426, Suite 2088**
**Oviedo, Florida 32765**

**Argument**: Because Defendant Marcelo Cunha has failed to provide his *home* address, date of birth, and location of birth, the Plaintiff reincorporates his arguments as to Interrogatory # 1 for Susan Creamer (Section III).

**Interrogatory No. 2:**
Please state whether Plaintiff performed any work or services for any company or business entity which you owned, managed, operated, oversaw, were a shareholder, member, or had an equitable, legal or financial interest. If so, identify each such entity, the Plaintiffs dates of work, her work hours, and the amounts she was paid.

**RESPONSE: My understanding is that Plaintiff worked at Heron House.**

**Argument:** Marcelo Cunha's response is vague and ambiguous insofar as his "understanding" about the identified matters. The Interrogatory is as "yes" or "no" question. The answer is also ambiguous because it fails to state whether the Plaintiff performed work for *other* Defendants *besides* Heron House. Finally, to the extent that Marcelo Cunha has identified "Heron House" as a place where the Plaintiff worked, he fails to state her "dates of work, her work hours, and the amounts she was paid."

**Interrogatory No. 3:**

Identify any money, compensation or thing of value which you received from any other Defendant from 2017 to the present. For each instance, identify the payor, the amount, date, the reason for each payment, and how each payment was calculated.

**RESPONSE: Defendant objects to this request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case.**

> **<u>Argument</u>:**   Due to the boilerplate objection, the Plaintiff reincorporates the same Argument as set forth in Interrogatory # 3 for Susan Creamer, *supra* (Section III).

**<u>Interrogatory No. 4:</u>**
From 2017 to the present, please state whether Plaintiff was given cash, directly or indirectly, from you or any other of the Defendants. Is so, please identify whom; the date of each and every cash payment, the amount of every cash payment, the number of hours of work each cash payment was designed to cover, the business or financial institution from which each and every cash payment was obtained so payment could be made, the persons involved in delivering or in any way processing or handling each cash payment, whether the wages paid to Plaintiff were either identified or made part of your tax filings, and identify the creation date of each document reflecting cash payments made. Please identify all documents relied upon in responding.

**RESPONSE: I did not provide cash to Plaintiff.  I cannot answer on behalf of other Defendants.**

> **<u>Argument</u>:**  The response is vague and ambiguous.  The Plaintiff is not asking Marcelo Cunha to answer for the other Defendants, but *if he knows* whether the *other* Defendants gave cash to the Plaintiff (either directly or indirectly) he must

answer the question.  Moreover, as no objection is raised, if he knows whether the other Defendants did or did not pay cash (either directly or indirectly) he must be required to respond to the remaining interrogatory subparts.

**Interrogatory No. 5:**
Please describe in detail, your duties, responsibilities, work or involvement, if any, did you have with Heron House, Riverside House, or any other Defendant in this case.

**RESPONSE: I have no ownership interest in Heron House Apartments of Steinhatchee, LLC. I do not have work responsibilities there or with any other Defendant.**

**Argument:**   The answer is vague and ambiguous insofar as whether Defendant Cunha had an ownership or other interest in companies/defendants *other* than Heron House of Steinhatchee, LLC.  Moreover, although Marcelo Cunha claims to have had no "work responsibilities" with *that* specific entity or the other Defendants, it is vague and ambiguous whether he had "duties, responsibilities . . . or involvement" with any of the other Defendants.  This is particularly true when Cunha answers the question in the *negative*—stating the ownership interests he *doesn't* have, rather than the ones he *does*.

## VI.   ATTORNEY'S FEES

The Plaintiff is seeking fees under Rule 37 Fed.R.Civ.P.  The Plaintiff served reasonable discovery on Susan Creamer, Floyd Creamer and Marcelo Cunha, yet

adequate responses have not been received. The Plaintiff spent 3.3 hours drafting the Motion and seeks **$1,640.00** in attorneys' fees (4.1hours x $400 lodestar rate = $1,320).

WHEREFORE, the Plaintiff seeks an Order (a) compelling Defendant Susan Creamer to supplement and provide full and complete responses (without objections) to Interrogatories **1, 2, 3, 4 and 6**; (b) compelling Defendant Floyd Creamer to supplement and provide full and complete responses (without objections) to Interrogatory #'s **1, 3, 4 and 5**; (c) compelling Defendant Marcelo Cunha to supplement and provide full and complete responses (without objections) to Interrogatory #'s **1, 2, 3, 4 and 5**; (d) award Plaintiff $1,640.00 in attorneys' fees and costs, (c) and grant all other relief deemed appropriate.

## CERTIFICATE OF GOOD FAITH CONFERRAL

As set forth herein, the Plaintiff contacted the defense counsel by telephone and email regarding the deficiencies, herein.  In addition, the Plaintiff sent the Defendant a detailed list of the discovery deficiencies so there would be no ambiguity.  Despite attempting to work with the Defendant to resolve the dispute, the Plaintiff was unable to do so.  Defendants, Susan Creamer, Floyd Creamer and Marcelo Cunha would not agree to supplement their discovery responses, herein.

16

By: s/. *Peter Bober, Esq.*
FBN: 0122955
Respectfully submitted,

BOBER & BOBER, P.A.
Attorney for Plaintiff
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
(954) 922-2298 (phone)
(954) 922-5455 (fax)
peter@boberlaw.com

By: s/. *Peter Bober, Esq.*
FBN: 0122955

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via email on March 28, 2022 on all counsel or parties of record on the attached service list.

*/s/. Peter J. Bober*

## SERVICE LIST

Ashwin R. Trehan
Spire Law, LLC
2572 W. State Road 426, Suite 2088
Oviedo, FL 32765
ashwin@spirelawfirm.com
(407) 494-0135 tel.
*Counsel for Defendants*