UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.  4:21-cv-00480-MW-MAF

KAREN LUCKADO,

     Plaintiff,

v.

EL SHADDAI MOTEL GROUP, LLC, a Florida
limited liability company; HERON HOUSE
APARTMENTS OF STEINHATCHEE, LLC, a
Florida limited liability company; PRETORIUS
FAMILY, LLC, a Florida limited liability
Company; SUSANNA CREAMER a/k/a SUSAN
PRICE, an individual; FLOYD E. CREAMER,
an individual, and MARCELO CUNHA, an
individual,

     Defendants.

_____/

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**FROM DEFENDANTS, EL SHADDAI MOTEL GROUP,**
**LLC AND PRETORIUS FAMILY, LLC**

The Plaintiff, by and through undersigned counsel and pursuant to Rules 26,

33, 34 and 37 Fed.R.Civ.P., files this Motion to Compel Discovery from Defendants,

EL SHADDAI MOTEL GROUP, LLC (hereinafter, "El Shaddei" or "ESMG") and

PRETORIUS FAMILY, LLC (hereinafter, "Pretorius") and state as follows:

## I.  <u>BACKGROUND</u>

The Plaintiff's case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. for unpaid minimum and overtime wages. *See* Complaint (ECF No. 1). The Plaintiff has also brought a claim for minimum wages under the Florida Constitution's Minimum Wage Amendment ("FMWA"), Art. X §24 Fla. Const. Id. From about February 1, 2018 to about October 15, 2021, the Plaintiff was employed by the Defendants at their various inns/rental properties.  Complaint at ¶12. Despite working seven days per week, the Defendants paid the Plaintiff $100.00 per week. Id. at ¶¶24-25.

On January 19, 2022, the Plaintiff served *both* El Shaddei and Pretorius with a Request for Production and a First Set of Interrogatories, respectively.  El Shaddei and Pretorius served their Responses to Request for Production and Answers to Interrogatories, respectively, on February 25, 2022.

The Plaintiff's discovery requests to both El Shaddei and Pretorius are/were identical.  Importantly, both Defendants made *identical* discovery responses—to both the interrogatories and the requests for production.  Thus, herein, the Plaintiff will discuss the discovery requests/responses *together*, rather than repeating the same, identical arguments, twice.   The subject discovery is attached as follows:

1. Interrogatories to El Shaddei     (attached as **Exhibit 1**);

2. Request for Production (RFP) to El Shaddei     (attached as **Exhibit 2**);

3. Answers to Interrogatories by El Shaddei     (attached as **Exhibit 3**);

4. Response to RFP by El Shaddei     (attached as **Exhibit 4**);

5. Interrogatories to Pretorius     (attached as **Exhibit 5**);

6. Request for Production (RFP) to Pretorius     (attached as **Exhibit6**);

7. Answers to Interrogatories by Pretorius     (attached as **Exhibit 7**);

8. Response to RFP by Pretorius     (attached as **Exhibit 8**).

## II. <u>MEMORANDUM OF LAW</u>

Pursuant to Rule 33, Fed.R.Civ.P., the party upon whom interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. Fed.R.Civ.P. 33(b)(2). Rule 37(a)(3), Fed.R.Civ.P. further provides that if a party fails to answer an interrogatory submitted under Rule 33, the discovering party may move for an order compelling an answer. Similarly, under Rule 34, a party submitting a request for the production of documents may move for an order with respect to the failure to respond to the request or any part thereof. Rule 34(b), Fed.R.Civ.P. In either situation, a movant may seek the expenses associated with filing the motion to compel pursuant to Rule 37(a)(5).

3

Ultimately, El Shaddei and Pretorius have raised meritless objections and non-responsive answers to virtually all Plaintiff's Requests for Production—using the *same* boilerplate response for each.  In addition, El Shaddei and Pretorius' answers to the Plaintiff's interrogatories are not even close to being compliance with the Federal Rules as they completely avoid answering clear questions.  Because such little effort went into responding, the Plaintiff seeks attorneys' fees, *infra*.

## III.  <u>REQUESTS FOR PRODUCTION TO EL SHADDEI *and* PRETORIUS</u>

Here, Plaintiff seeks to compel El Shaddei and Pretorius to respond to Request for Production ("RFP") #'s **1 to 9, 12, 13, 14, 15, 16, 18 through 41, and 43**.  Both these Defendants the *same*, *identical*, deficient response to each RFP request, to *wit*:

> **RESPONSE: Plaintiff at no point worked for Defendant; therefore, the requestis objectionable, is designed to harass defendant, and seeks irrelevant documents.**

This response is unacceptable for several reasons.  First, it contains a meritless, boilerplate objection without *any* information or facts; the objection should be overruled.  *See* Local Rule 26.1(C) (N.D. Fla.)("Boilerplate objections are strongly disfavored.").

Second, the Requests do not *ask* whether the Plaintiff worked for the subject Defendant (the RFP is *not* an interrogatory), but instead, whether El Shaddei and

Pretorius, *respectively,* have certain documents relevant to the allegations of the Complaint.  If *either* El Shaddei or Pretorius have them, they must turn them over, *regardless* of whether they *self-servingly* disclaim knowledge of the Plaintiff's employment.   Indeed, the Plaintiff alleges to have been employed by all the Defendants, including El Shaddei and Pretorius, "at their various inns/rental properties."  *See* Complaint (ECF No. 1) at ¶23.  Plaintiff specifically alleged that the managers of El Shaddei, Pretorius and the other Defendants supervised her and were involved in decisions affecting her compensation and/or hours worked. *Id. at* ¶30.

Notably, El Shaddei and Pretorius do not deny having the subject *documents.* Rather, El Shaddei and Pretorius simply try to deny Plaintiff worked for either one of them.  *See* **Exhibits 4 and 8**.  There is no basis for El Shaddei and Pretorius to object.  All the RFP's for which the Plaintiff seeks to compel (RFP #'s 1-9, 12-16, 18-41, and 43), seek information related to Plaintiff's work, hours, wages, El Shaddei and Pretorius' employment policies, and whether El Shaddei and Pretorius acted willfully in violating the FLSA.   Because the El Shaddei and Pretorius responses are identical for each RFP, for the Court's convenience, the Plaintiff sets forth RFP #'s 1-9, 12-16, 18-41, and 43 (and each corresponding response), as follows:

1.  All journals, transcripts, diaries, transaction reports, pay stubs, pay checks, wagepapers, punch-clock records, documents, papers, job applications, invoices, emails, memoranda, notes, phone message slips, or any other written or electronically stored material referencing the Plaintiff, her work schedules, work hours, wages, cash payments to him, salary, rate and method of pay, hours worked, services performed, arrival/departure from work, breaks taken, or any matters concerning her.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

2.  Receipts or invoices created by Plaintiff, or which Plaintiff sent to any of the Defendants' customers.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

3.  Any and all employee handbooks, posters, papers, placards or other written materials provided to employees or prospective employees which detail or refers to job responsibilities/duties or policies for Plaintiff, or others performing similar job duties.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

4.  Any document(s) referencing settlements made with any person(s) who made a claim or threatened a claim against any Defendant which alleged violations of the any law, rule or regulation dealing with the proper payment of wages, including but not limited to, the Fair Labor Standards Act.

**RESPONSE:  Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

5.  From 2017 to 2021, please provide your company's annual income statements, profit/loss statements, and tax return (including tax return schedules), or any other document referencing total annual sales or business volume.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

6.  From 2017 to 2021, the present documents showing your gross receipts on a per day, per week, per month and per year basis.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

7.  Any documents, agreements, contracts, papers, memos, correspondence, emails, or any other written or electronically stored information, sent by and between your company and the Plaintiff, referencing worker duties or responsibilities, rules or regulations, obligations, or terms and conditions of employment or work with ESMG.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

8.  Text messages sent by Plaintiff to (or received from) managers, owners or employees of ESMG or any other Defendant.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

9.  Advertisement, marketing or promotional material used by your business from 2017 to 2021.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

. . .

12. The personnel file, time records and wage records for Susanna or Susan Creamer, or any other name used by her.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

13. The personnel file, time records and wage records for Mathew Job a/k/a Matthew Job, or any other name used by him.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

14. The personnel file, time records and wage records for Floyd Creamer, or anyother name used by him.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

15. The personnel file, time records and wage records for Marcelo Cunha, or anyother name used by him.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

16. Documents listing the names, addresses, telephone numbers, email addresses or dates of employment or work, of any person of any employee or worker who performed work or services for the benefit of any of the Defendants, from 2017 to the present (you do not need to produce duplicative documents).

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks**

**irrelevant documents.**

. . .

18.     The complete personnel file of Plaintiff, or any documents which are in your possession, custody or control which reference the Plaintiff.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

19. Any and all timecards, sign-in sheets or other documents which reflect the hours and shifts worked by Plaintiff.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

20. Any and all W-2 forms or 1099 Forms issued since 2017 to Susan or Susanna Creamer, Floyd Creamer, or Marcelo Cunha.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

21. Any and all timecards, sign-in sheets and other documents which reflect any preshift work or time, post-shift work or time, or overtime hours, or worked by Plaintiff from home or away from her usual location of work, in each workweek.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

22. Any and all payroll records which reflect any compensation paid to Plaintiff by either check or cash.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks**

**irrelevant documents.**

      23.   The front and back copies of any checks paid to Plaintiff.

      **RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

      24. Any and all documents reflecting Defendant's computation of the Plaintiff's regular rate of pay.

      **RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is harassing and objectionable, and in any event no such documents exist.**

      25. All documents you contend support any argument that Plaintiff or Defendants are exempt from the FLSA.

      **RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

      26. Any and all documents which Defendant claims will substantiate or otherwise support any asserted exemption from overtime or minimum wages being due.

      **RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

      27. Any documents used to calculate the reasonable cost of any food, facilities or other fringe benefits provided to Plaintiff.

      **RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

28. Any documents used to calculate the fair value of any food, facilities or other fringe benefits provided to Plaintiff.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

29. Any documents referencing or relating to your company determining the reasonable cost of food, lodging or other benefits provided to the Plaintiff.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

30. Any documents referencing or relating to your company determining the fair value cost of food, lodging or other benefits provided to the Plaintiff.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

31. Any regulation, order, ruling, approval, interpretation, administrative practice or enforcement of the Administrator of the Wage-Hour Division upon which the Defendant relies in defense of this action.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

32. Any and all personnel guides, memos, emails, employee handbooks, supervisory manuals and similar documents which describe, embody or otherwise reflect the Defendant's timekeeping policies, practices and procedures during the relevant time period.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

33.Organization charts or other documents related to the organizational structure for all exempt and non-exempt employees working at the Defendant's business during the relevant time period.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

34.Any and all emails, notes, memoranda, transcripts, reports or other documents related to the defense, research, investigation and/or settlement of wage-hour claims with the Department of Labor or any person.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

35.All interrogatories and responses thereto in any other unpaid minimum wage or unpaid overtime court case in which any of the current Defendants were/are a defendant.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

36.All requests for production and responses served in any other unpaid minimum wage or unpaid overtime court case in which any of the current Defendants were/are a defendant.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

37.Copies of all deposition transcripts taken in any other unpaid minimum wage or unpaid overtime court case in which any of the current Defendants were/are a defendant, to the extent they have been ordered, and are in the possession, custody or control of any Defendant.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

38. Copies of any confidentiality agreements regarding discovery produced or requested in any other unpaid minimum wage or unpaid overtime court case in which any of the current Defendants were/are a defendant.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

39. Copy of any Department of Labor investigation or conciliation, in unredacted form, involving ESMG.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

40. Copy of any notes, memos or documents related to any Department of Labor investigation or conciliation of ESMG, to the extent intends to rely on such notes, memos, or documents as a defense to the minimum wage or overtime claims that are the subject of this case.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

41. From 2017 through the time of your response hereto, copies of any affidavits signed by workers of ESMG.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

. . .

43.   For the period of 2017 to 2021 present, telephone records evidencing calls made to/from the telephone to/from ESMG.

**RESPONSE: Plaintiff at no point worked for Defendant; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

**Conclusion**

Both El Shaddei and Pretorius provided facially deficient responses to Plaintiff's First Request for Production.  *Both* El Shaddei and Pretorius should be compelled to supplement, by fully and completely responding to **RFP #'s  1 to 9, 12 through 16, 18 through 41, and 43**.

IV.   **INTERROGATORIES TO EL SHADDEI & PRETORIUS**

As discussed, *supra*, the Plaintiff's Interrogatories to both El Shaddei and Pretorius, respectively, were identical.  Because El Shaddei and Pretorius' respective responses, were also identical, the Plaintiff will set them forth, below, *once*, as follows:

**Interrogatory No. 1:   Please state if Plaintiff ever performed work or services of any kind for you or any other Defendant. If so, identify each calendar day and calendar week the Plaintiff performed work, or alternatively, provided any services or benefits to any of the Defendants, along a description of the work or duties performed each day, the number of hours and minutes the Plaintiff worked each calendar day and each workweek (including the times when commenced and ceased working each day), the Plaintiffs rate, calculation of pay, and the amount she was paid in each workweek.**

**Response: Plaintiff did not perform work at any time for Defendant. Responses regarding other defendants will be answered in the corresponding interrogatories to such defendants.**

**Argument:** A very simple question receives a less-than-complete response. The question was not whether Plaintiff ever performed work for El Shaddei (or Pretorius) *only,* but rather whether he performed work *or services* for *any* of the Defendants. While the Plaintiff has also directed discovery to the other Defendants about their involvement in Plaintiff's employment, there is nothing in the Federal Rules of Civil Procedure that permits El Shaddei and Pretorius to *not* answer this question—this is especially true where *neither* raised a timely objection.

**Interrogatory No. 2:  For the period of February 1, 2018 to October 2021, provide the identity of each person (employees, workers or anyone you deem as independent contractors) who worked on the premises, offices or property of ESMG. As for each calendar day in that period, identify the specific person working on each shift, the hours comprising each shift, the hours worked that day, the duties performed by each worker on each calendar day, and the total hours worked in the week by each worker.**

**Response: Defendant objects to this request as Plaintiff never worked for Defendant; therefore, any information provided to this request is irrelevant and not proportional to the needs of the case.**

**Argument:** The answer constitutes a non-response. The question is not asking about the Plaintiff, *per se*. If El Shaddei or Pretorius, respectively,

15

want to take the position that the Plaintiff never did any work for it/them, then someone *else* must have been doing the work—small motels and inns do not run themselves.   Interrogatory # 2 is designed to identify who, precisely, El Shaddei and Pretorius are claiming did the work at their multiple motel/inn properties, respectively—*if not Plaintiff*.   El Shaddei and Pretorius cannot be permitted to claim that Plaintiff did not work for them, and then fail to state *who was*, particularly where Defendants operate multiple properties where Plaintiff would go as directed.   This is particularly true also where the Plaintiff *resided* on the Defendants' property so she could respond to guest issues any time of day and night.

El Shaddei and Pretorius' objections are completely without merit. Importantly, the objections are boilerplate, containing no facts or information to assist the Court; the objections should be overruled.   *See* Local Rule 26.1(C) (N.D. Fla.)("Boilerplate objections are strongly disfavored.").   Determining who, if anyone, was working at the El Shaddei and Pretorius motels/inns along the Plaintiff, *if anyone*, if highly relevant to this case—despite the Defendants' position, otherwise.   Moreover, determining who was working Defendants' work shifts (if Plaintiff, *wasn't*) is completely proportional, especially in an FLSA case.

**Interrogatory No. 5:**   For each date, week and month where the Plaintiff resided or slept at any motel owned, operated or managed by any of the Defendants, state the room rate the Plaintiff was charged for each day, week and month, respectively, the Plaintiffs room number and room type/description, and identify the daily, weekly and monthly rate that was charged to other guests/patrons having the same room type/classification on that same day or in that same week.

> **Response:** Defendant is not aware of Plaintiff ever residing or sleeping at a property owned or managed by Defendant.  Defendant cannot answer on behalf of other Defendants.

>> **Argument:**       Once again, the Interrogatory is *not* limited to whether the Plaintiff resided or slept only at El Shaddei or Pretorius' property, respectively.  On its face, the question is broader than that.  If El Shaddei or Pretorius have knowledge of the Plaintiff residing on the properties of *any* of the Defendants, they, respectively, must answer all subparts— this is especially true where neither Defendant raised a timely objection.

**Interrogatory No. 6:**  Please state and describe in detail, your relationship of each of the other Defendants, whether any of the Defendants jointly hold a legal, equitable or beneficial interest in any real estate, buildings, businesses or property, and if any of the Defendants conducted any business transactions together between 2015 and 2021. If so, identify each person, property or business, and provide a full description for each transaction.

> **Response:** Defendant objects to this request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case. Without waiving these objections, Susan Creamer has an ownership interest and is actively involved in managing the corporate defendants. Marcelo Cunha has an ownership interest in El Shaddai Group but is not involved in management. Floyd Creamer has an ownership interest

**in Pretorius Family, LLC but is not involved in management.**

**Argument:**   On its face, the objection is boilerplate and provides no information or facts to assist the Court in its determination.   The objection must be overruled.  *See* Local Rule 26.1(C) (N.D. Fla.).  Importantly, El Shaddei and Pretorius fail to state whether Defendants jointly held an interest in any "real estate, buildings, … or property."   The response also fails to state if business transactions were conducted between the defendants along with a description.   The Plaintiff performed work on numerous properties owned/operated that were co-owned/managed by the Defendants, and Plaintiff is entitled to know each Defendant's level of control.[1]   Without a *bona fide* objection, El Shaddei and Pretorius must be compelled to answer.

---

[1]  The FLSA creates a private right of action against any "employer" who violates its minimum wage or overtime provisions. FLSA, 29 U.S.C. §216(b). "The Act defines the term "employer" broadly to include "both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'" *Lamonica v. Safe Hurricane Shutters*, 711 F.2d 1229, 1309 (11ᵗʰ Cir. 2013) (citation omitted) (determining that corporate supervisors other than officers may be personally liable under the FLSA, and clarifying the degree and type of control that will support individual liability). The FLSA contemplates imposing liability upon individuals. *Lamonica*, 711 F.2d at 1313.  For an individual to qualify as an employer under the FLSA, he "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel v. Wargo*, 803 F2d 632, 638 (11ᵗʰ Cir. 1986). Here, the Plaintiff has served discovery to determine the liability of the individual Defendants.

18

## VI.   ATTORNEY'S FEES

The Plaintiff is seeking fees under Rule 37 Fed.R.Civ.P.  The Plaintiff served reasonable discovery on El Shaddei and Pretorius, respectively, yet adequate responses have not been received.  Moreover, the responses themselves reflect that El Shaddei and Pretorius put barely any effort into responding, thereby virtually guaranteeing a discovery dispute would arise.  Finally, even when the Plaintiff sought to gain the Defendant's compliance through multiple attempts, the outstanding discovery issues have not been resovled.  The Plaintiff spent 4.1 hours drafting the Motion and seeks **$1,600.00** in attorneys' fees (4.0 hours x $400 lodestar rate = $1,600).

WHEREFORE, the Plaintiff seeks an Order compelling (a) Defendants El Shaddei Motel Group, LLC and Petrorius Family, LLC to make full and complete responses to **Interrogatory #'s 1, 2, 5, and 6**, and **Request for Production #'s RFP #'s  1-9, 12 through 16, 18 through 41, and 43**, (b) award Plaintiff $1,600.00 in attorneys' fees and costs, (c) and grant all other relief deemed appropriate.


## CERTIFICATE OF GOOD FAITH CONFERRAL

As set forth herein, the Plaintiff contacted the defense counsel by telephone and email regarding the deficiencies, herein.  In addition, the Plaintiff sent the

Defendant a detailed list of the discovery deficiencies so there would be no ambiguity.  Despite attempting to work with the Defendant to resolve the dispute, the Plaintiff was unable to do so.  Defendants El Shaddei and Pretorius would not agree to supplement their discovery responses, herein.


Respectfully submitted,

BOBER & BOBER, P.A.
Attorney for Plaintiff
2699 Stirling Road, Suite-A304
Hollywood, FL 33312
(954) 922-2298 (phone)
(954) 922-5455 (fax)
peter@boberlaw.com

By: s/. *Peter Bober, Esq.*
FBN:  0122955


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via email on March 28, 2022 on all counsel or parties of record on the attached service list.


/s/. Peter J. Bober_____

## SERVICE LIST

Ashwin R. Trehan
Spire Law, LLC
2572 W. State Road 426, Suite 2088
Oviedo, FL 32765
ashwin@spirelawfirm.com
(407) 494-0135 tel.
*Counsel for Defendants*