UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA


KAREN LUCKADO,

Plaintiff,

v.                                           Case No. 4:21-cv-00480-MW-MAF

EL SHADDAI MOTEL GROUP, LLC, a Florida
limited liability company; HERON HOUSE
APARTMENTS OF STEINHATCHEE, LLC, a
Florida limited liability company; PRETORIUS
FAMILY, LLC, a Florida limited liability
Company; SUSANNA CREAMER a/k/a SUSAN
PRICE, an individual; FLOYD E. CREAMER,
an individual, and MARCELO CUNHA,

Defendants.
_____/

## OMNIBUS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS TO COMPEL

Defendants Heron House Apartments of Steinhatchee, LLC ("Heron House"),

Pretorius Family, LLC ("Pretorius"), El Shaddai Motel Group, LLC ("El Shaddai"),

Susan Creamer, Floyd Creamer, and Marcelo Cunha, respond to Plaintiff's Motions

to Compel (D.E. 14, 15, and 16) as set forth herein.  In brief summary, there is very

little presently in dispute regarding Plaintiff's discovery requests.  Plaintiff wanted

all six Defendants to supplement their responses more quickly than Defendants were

1

able to, and Plaintiff filed the motion before Defendants were able to fully supplement. Defendants have now supplemented their responses and explained their positions more fully to Plaintiff. Nevertheless, Plaintiff contends that many deficiencies remain.

To preserve time and resources, Defendants enclose all of their supplemental discovery responses as exhibits to this response. Defendants will, as briefly as possible, address the lay of the land following their supplemental discovery responses.

### 1.      Requests for Production to El Shaddai and Pretorius

In their supplemental responses, El Shaddai and Pretorius make clear that they do not have documents that pertain to Plaintiff that are responsive to Plaintiff's requests. To the extent that the requests seek documents that do not pertain to Plaintiff, they seek irrelevant documents. Moreover, the objections are not "boilerplate"; the fact that El Shaddai and Pretorius did not employ Plaintiff is the reason that the discovery requests—and Plaintiff's decision to name them as defendants in this lawsuit—are merely designed to harass. The pertinent requests and responses as to El Shaddai are set forth below. The Pretorius responses are identical.

1. All journals, transcripts, diaries, transaction reports, pay stubs, pay checks, wage

papers, punch-clock records, documents, papers, job applications, invoices, emails, memoranda, notes, phone message slips, or any other written or electronically stored material referencing the Plaintiff, her work schedules, work hours, wages, cash payments to him, salary, rate and method of pay, hours worked, services performed, arrival/departure from work, breaks taken, or any matters concerning her.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

2. Receipts or invoices created by Plaintiff, or which Plaintiff sent to any of the Defendants' customers.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

3. Any and all employee handbooks, posters, papers, placards or other written materials provided to employees or prospective employees which detail or refers to job responsibilities/duties or policies for Plaintiff, or others performing similar job duties.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

4. Any document(s) referencing settlements made with any person(s) who made a claim or threatened a claim against any Defendant which alleged violations of the any law, rule or regulation dealing with the proper payment of wages, including but not limited to, the Fair Labor Standards Act.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

www.spirelawfirm.com
Employment Attorneys

5. From 2017 to 2021, please provide your company's annual income statements, profit/loss statements, and tax return (including tax return schedules), or any other document referencing total annual sales or business volume.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

6. From 2017 to 2021, the present documents showing your gross receipts on a per day, per week, per month and per year basis.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

7. Any documents, agreements, contracts, papers, memos, correspondence, emails, or any other written or electronically stored information, sent by and between your company and the Plaintiff, referencing worker duties or responsibilities, rules or regulations, obligations, or terms and conditions of employment or work with ESMG.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

8. Text messages sent by Plaintiff to (or received from) managers, owners or employees of ESMG or any other Defendant.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

9. Advertisement, marketing or promotional material used by your business from 2017 to 2021.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

www.spirelawfirm.com
Employment Attorneys

**Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

12. The personnel file, time records and wage records for Susanna or Susan Creamer, or any other name used by her.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

13. The personnel file, time records and wage records for Mathew Job a/k/a Matthew Job, or any other name used by him.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

14. The personnel file, time records and wage records for Floyd Creamer, or any other name used by him.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

15. The personnel file, time records and wage records for Marcelo Cunha, or any other name used by him.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

16. Documents listing the names, addresses, telephone numbers, email addresses or dates of employment or work, of any person of any employee or worker who performed work or services for the benefit of any of the Defendants, from 2017 to the present (you do not need to produce duplicative documents).
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents.**

www.spirelawfirm.com
Employment Attorneys

**Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

18. The complete personnel file of Plaintiff, or any documents which are in your possession, custody or control which reference the Plaintiff.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

19. Any and all timecards, sign-in sheets or other documents which reflect the hours and shifts worked by Plaintiff.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

20. Any and all W-2 forms or 1099 Forms issued since 2017 to Susan or Susanna Creamer, Floyd Creamer, or Marcelo Cunha.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

21. Any and all timecards, sign-in sheets and other documents which reflect any preshift work or time, post-shift work or time, or overtime hours, or worked by Plaintiff from home or away from her usual location of work, in each workweek.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

22. Any and all payroll records which reflect any compensation paid to Plaintiff by either check or cash.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

6

23. The front and back copies of any checks paid to Plaintiff.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

24. Any and all documents reflecting Defendant's computation of the Plaintiff's regular rate of pay.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is harassing and objectionable, and in any event no such documents exist. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

25. All documents you contend support any argument that Plaintiff or Defendants are exempt from the FLSA.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

26. Any and all documents which Defendant claims will substantiate or otherwise support any asserted exemption from overtime or minimum wages being due.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

27. Any documents used to calculate the reasonable cost of any food, facilities or other fringe benefits provided to Plaintiff.
**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

28. Any documents used to calculate the fair value of any food, facilities or other benefits provided to Plaintiff.

www.spirelawfirm.com
Employment Attorneys

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

29. Any documents referencing or relating to your company determining the reasonable cost of food, lodging or other benefits provided to the Plaintiff.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

30. Any documents referencing or relating to your company determining the fair value cost of food, lodging or other benefits provided to the Plaintiff.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

31. Any regulation, order, ruling, approval, interpretation, administrative practice or enforcement of the Administrator of the Wage-Hour Division upon which the Defendant relies in defense of this action.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

32. Any and all personnel guides, memos, emails, employee handbooks, supervisory manuals and similar documents which describe, embody or otherwise reflect the Defendant's timekeeping policies, practices and procedures during the relevant time period.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

33. Organization charts or other documents related to the organizational structure for all exempt and non-exempt employees working at the Defendant's business during the relevant time period.

8

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

34. Any and all emails, notes, memoranda, transcripts, reports or other documents related to the defense, research, investigation and/or settlement of wage-hour claims with the Department of Labor or any person.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

35. All interrogatories and responses thereto in any other unpaid minimum wage or unpaid overtime court case in which any of the current Defendants were/are a defendant.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

36. All requests for production and responses served in any other unpaid minimum wage or unpaid overtime court case in which any of the current Defendants were/are a defendant.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

37. Copies of all deposition transcripts taken in any other unpaid minimum wage or unpaid overtime court case in which any of the current Defendants were/are a defendant, to the extent they have been ordered, and are in the possession, custody or control of any Defendant.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

38. Copies of any confidentiality agreements regarding discovery produced or requested in any other unpaid minimum wage or unpaid overtime court case in which any of the current Defendants were/are a defendant.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

39. Copy of any Department of Labor investigation or conciliation, in unredacted form, involving ESMG.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

40. Copy of any notes, memos or documents related to any Department of Labor investigation or conciliation of ESMG, to the extent intends to rely on such notes, memos, or documents as a defense to the minimum wage or overtime claims that are the subject of this case.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

41. From 2017 through the time of your response hereto, copies of any affidavits signed by workers of ESMG.

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

43. For the period of 2017 to 2021 present, telephone records evidencing calls made to/from the telephone to/from ESMG.

10

**RESPONSE: Defendant did not employ Plaintiff; therefore, the request is objectionable, is designed to harass defendant, and seeks irrelevant documents. Notwithstanding the foregoing objections and without waiving them, Defendant has no responsive documents that pertain to Plaintiff.**

### 2.    Interrogatories to El Shaddai and Pretorius

**Interrogatory No. 1:**  Please state if Plaintiff ever performed work or services of any kind for you or any other Defendant. If so, identify each calendar day and calendar week the Plaintiff performed work, or alternatively, provided any services or benefits to any of the Defendants, along a description of the work or duties performed each day, the number of hours and minutes the Plaintiff worked each calendar day and each workweek (including the times when commenced and ceased working each day), the Plaintiff's rate, calculation of pay, and the amount she was paid in each workweek.

**RESPONSE (El Shaddai): To the best of Defendant's recollection, Plaintiff performed tasks for which she received payment by-the-job on approximately 3 occasions on Defendant's property, in 2019 or earlier. Plaintiff may have helped her daughter, Nicole Belcher, on the property, but if so, she did so through an arrangement with her daughter and not with Defendant. Responses regarding other defendants will be answered in the corresponding interrogatories to such defendants.**

**RESPONSE (Pretorius): Plaintiff did not perform work at any time for Defendant. Responses regarding other defendants will be answered in the corresponding interrogatories to such defendants.**

**Interrogatory No. 5:**
For each date, week and month where the Plaintiff resided or slept at any motel owned, operated or managed by any of the Defendants, state the room rate the Plaintiff was charged for each day, week and month, respectively, the Plaintiff's room number and room type/description, and identify the daily, weekly and monthly rate that was charged to other guests/patrons having the same room type/classification on that same day or in that same week.

www.spirelawfirm.com
Employment Attorneys

**RESPONSE (El Shaddai and Pretorius): Defendant is not aware of Plaintiff ever residing or sleeping at a property owned or managed by Defendant. Defendant cannot answer on behalf of other Defendants.**

Interrogatories 1 and 5: Plaintiff's arguments here are not well taken. The entity that employed Plaintiff (Heron House) and Susan Creamer each provided detailed information about Plaintiff. The entities that did not employ or provide lodging to Plaintiff do not have this information and, as suggested in their responses, *cannot be made to answer on behalf of other defendants*. In any event, if they are compelled to answer, the answer would not contain any information different than the information already provided by Susan Creamer and Heron House in their responses. Thus, Plaintiff's complaints here are a complete waste of time and resources.

**Interrogatory No. 2:**
For the period of February 1, 2018 to October 2021, provide the identity of each person (employees, workers or anyone you deem as independent contractors) who worked on the premises, offices or property of ESMG. As for each calendar day in that period, identify the specific person working on each shift, the hours comprising each shift, the hours worked that day, the duties performed by each worker on each calendar day, and the total hours worked in the week by each worker.

**RESPONSE (El Shaddai): Defendant objects to this request as Plaintiff never worked for Defendant; therefore, any information provided to this request is irrelevant and not proportional to the needs of the case. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome. Notwithstanding the foregoing objections and without waiving them, the following individuals worked on the premises of the El Dorado Motel**

12

**between February 1, 2018 and October 2021: Dawn Daigle, Debra Liles, David Blunt, Nicole Belcher, Kirby Davis, Windy Davis, Marjorie Calvert.**

**RESPONSE (Pretorius): Defendant objects to this request as Plaintiff never worked for Defendant; therefore, any information provided to this request is irrelevant and not proportional to the needs of the case. Defendant further objects to this request on the grounds that it is overly broad and unduly burdensome. Notwithstanding the foregoing objections and without waiving them, the following individuals worked on the premises of the Suwanee River Motel between February 1, 2018 and October 2021: Charlotte Sparks, Joey Henderson, Susan Creamer, Joseph Bokulich, Nicole Belcher, Kirby Davis.**

Interrogatory 2: This response has been amended as set forth above and the dispute is no longer live. Last-known phone numbers and addresses have been or will be provided.

**Interrogatory No. 6:**
Please state and describe in detail, your relationship of each of the other Defendants, whether any of the Defendants jointly hold a legal, equitable or beneficial interest in any real estate, buildings, businesses or property, and if any of the Defendants conducted any business transactions together between 2015 and 2021. If so, identify each person, property or business, and provide a full description for each transaction.

**RESPONSE (El Shaddai and Pretorius): Defendant objects to this request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case. Without waiving these objections, Susan Creamer has an ownership interest and is actively involved in managing the corporate defendants. Marcelo Cunha has an ownership interest in El Shaddai Group but is not involved in management. Floyd Creamer has an ownership interest in Pretorius Family, LLC but is not involved in management.**

Interrogatory 6: The request seeks irrelevant information and is not proportional to the needs of the case. Plaintiff has not provided any foundation for

www.spirelawfirm.com
Employment Attorneys

seeking the information requested.  Plaintiff's argument that she is "entitled to know each Defendant's level of control" is mooted by the fact that the interrogatory responses describe each defendant's level of control.

### 3.    Interrogatories to Susan Creamer

**Interrogatory No. 1:**
What is your legal name (including middle names), home address, all other names or aliases that you have been known, and your date and place of birth.

> **RESPONSE: Susanna Creamer**
> **16148 SE Highway19**
> **Cross City, FL**
> **32628**
> **[REDACTED]**
> **South Africa**

> Interrogatory 1: Susan Creamer resides at the property identified.

**Interrogatory No. 2:**
Please state whether Plaintiff performed any work or services for any company or business entity which you owned, managed, operated, oversaw, were a shareholder, member, or had an equitable, legal or financial interest. If so, identify each such entity, the Plaintiffs dates of work, her work hours, and the amounts she was paid.

**RESPONSE: Plaintiff worked at Heron House Apartments of Steinhatchee, LLC. Her main duties were to clean apartments after guests vacated. She also would sweep up and take out trash and perform limited yard maintenance. Plaintiff did not have set hours, except that she was only able to clean apartments between 11:00 a.m. and 3:00 p.m. She was not required to be on the property during particular hours except when she had rooms to clean. She worked, at most, 25 hours per week. She was paid the equivalent of at least $350/week in furnished housing that included free WiFi, cable, utilities, a kitchen, living room, bedroom, and two full bathrooms, $100 per week in cash, plus $25 for each time she cleaned the River House. On a handful of occasions**

www.spirelawfirm.com
Employment Attorneys

**I asked her to perform a task at another property; on such occasions I paid her separately for those tasks.**

Interrogatory 2: The amended response addresses many of the issues in the motion. Susan Creamer does not have records of the number of hours Plaintiff worked, and therefore cannot provide an hour-by-hour breakdown. Plaintiff's discovery responses do not show that she was the principal person handling Airbnb bookings for lodging. In fact, the reason Plaintiff had an account was because Plaintiff and her boyfriend had caused significant guest complaints that resulted in the suspension of Susan Creamer's account. Susan Creamer had access to the "Plaintiff's" account, and Plaintiff's discovery responses show that Plaintiff deleted the account after filing the lawsuit, destroying potentially relevant evidence in the process.

**Interrogatory No. 3:**
Identify any money, compensation or thing of value which you received from any other Defendant from 2017 to the present. For each instance, identify the payor, the amount, date, the reason for each payment, and how each payment was calculated.

**RESPONSE: Defendant objects to this request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case.**

Interrogatory 3: The compensation the individual defendants received has no bearing on this case. Plaintiff knows this, and does not even attempt to justify why

she requests this information.  Plaintiff already knows that Susan Creamer had high-level involvement with all the properties.  How much each individual was getting paid, and by whom, has no bearing on whether Floyd Creamer or Marcelo Cunha was "involved in the day-to-day operation or [had] some direct responsibility for the supervision of [Plaintiff]."  *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986).

**Interrogatory No. 4:**

From 2017 to the present, please state whether Plaintiff was given cash, directly or indirectly, from you or any other of the Defendants. If so, please identify whom; the date of each and every cash payment, the amount of every cash payment, the number of hours of work each cash payment was designed to cover, the business or financial institution from which each and every cash payment was obtained so payment could be made, the persons involved in delivering or in any way processing or handling each cash payment, whether the wages paid to Plaintiff were either identified or made part of your tax filings, and identify the creation date of each document reflecting cash payments made. Please identify all documents relied upon in responding.

**RESPONSE: Defendant objects to this request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case. *See* Defendant's response to Interrogatory No. 2. Payments were made via cash or CashApp.**

Interrogatory 4: The amended answer to this interrogatory, when read together with the amended answer to Interrogatory 2, should moot the dispute.  As noted in the response to and above explanation regarding Interrogatory 2, Susan Creamer has provided the responsive information of which she has knowledge.

**Interrogatory No. 6:**
Did you ever communicate with the Plaintiff by text messaging, social media,

www.spirelawfirm.com
Employment Attorneys

email, web-based application ("app"), telephone or in person? If so, please identify your phone or cell carriers, phone numbers, the date of each communication and the substance of each communication.

**RESPONSE: Yes. Defendant will produce all communications in her possession, custody, or control. Defendant does not have the dates of each communication except to the extent that the date of text communications is included on the copies of text communications Defendant has produced or will produce. The phone numbers and carriers used for communications with Plaintiff are [REDACTED] (carrier: AT&T) and [REDACTED] (carrier: Verizon).**

Interrogatory 6: Plaintiff mischaracterizes the conferral efforts as to electronic devices, though the parties have conferred on this issue since Plaintiff filed the motion, and Defendants are hopeful that this issue will be mooted shortly.

### 4.    Interrogatories to Floyd Creamer

**Interrogatory No. 1:**
What is your legal name (including middle names), home address, all other names or aliases that you have been known, and your date and place of birth.

**RESPONSE: Defendant objects to this request as date and place of birth are not information that is pertinent to this action. Without waiving objections defendant states:**

> **Floyd Earl Creamer, Jr.**
> **[DOB REDACTED]**
> **Lake Charles, Louisiana**
> **[ADDRESS REDACTED]**

Interrogatory 1: The amended answer to this interrogatory provides all requested information and therefore should moot the dispute.

**Interrogatory No. 3:**

17

Identify any money, compensation or thing of value which you received from any other Defendant from 2017 to the present. For each instance, identify the payor, the amount, date, the reason for each payment, and how each payment was calculated.

**RESPONSE: Defendant objects to this request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case.**

Interrogatory 3: *See* the arguments set forth in section (3)'s discussion of

Interrogatory 3, above.

**Interrogatory No. 4:**
From 2017 to the present, please state whether Plaintiff was given cash, directly or indirectly, from you or any other of the Defendants. Is so, please identify whom; the date of each and every cash payment, the amount of every cash payment, the number of hours of work each cash payment was designed to cover, the business or financial institution from which each and every cash payment was obtained so payment could be made, the persons involved in delivering or in any way processing or handling each cash payment, whether the wages paid to Plaintiff were either identified or made part of your tax filings, and identify the creation date of each document reflecting cash payments made. Please identify all documents relied upon in responding.

**RESPONSE: Defendant objects to this request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case. Additionally, Defendant cannot answer on behalf of other Defendants. Notwithstanding the foregoing objections and without waiving them, , I never gave Plaintiff any cash. To my knowledge, Susan Creamer gave employees cash and accommodations as independent contractors. I never hired, scheduled or paid Plaintiff or any other worker, nor communicated with any workers at any property in that area. I had nothing to do with the operation of the businesses. I have no knowledge about who Susan Creamer hired or paid. I have no financial records mentioning pay to Plaintiff, nor any records that she ever worked for Pretorius Family LLC.**

Interrogatory 4: The amended answer to this interrogatory should moot the

18

dispute.

**Interrogatory No. 5:**
Please describe in detail, your duties, responsibilities, work or involvement, if any, did you have with Heron House, Riverside House, or any other Defendant in this case.

**RESPONSE: None.  I have no responsibilities as to any other Defendant in this case.  I have a 50% ownership interest in Pretorius Family LLC.**

Interrogatory 5: The amended answer to this interrogatory should moot the

dispute.

**5.      Interrogatories to Marcelo Cunha**

**Interrogatory No. 1:**
What is your legal name (including middle names), home address, all other names or aliases that you have been known, and your date and place of birth.

**RESPONSE: Defendant objects to this request as date and place of birth are not information that is pertinent to this action. Without waiving objections, defendant states:**

> **Marcelo Cunha**
> **[REDACTED]**
> **Brazil**
> **16148 SE Highway 19**
> **Cross City FL 32628**

Interrogatory 1: The amended answer to this interrogatory provides all

requested information and, therefore, should moot the dispute.

**Interrogatory No. 2:**

Please state whether Plaintiff performed any work or services for any company or

business entity which you owned, managed, operated, oversaw, were a shareholder, member, or had an equitable, legal or financial interest. If so, identify each such entity, the Plaintiffs dates of work, her work hours, and the amounts she was paid.

**RESPONSE: My understanding is that Plaintiff worked at Heron House.  I have no knowledge of worked performed or payments made to Plaintiff for El Shaddai Motel Group. I have never seen her here or communicated with her about work here. I have never seen or heard Susan Creamer giving her orders or paying her for working here. I have never seen her doing any work here. I have no knowledge about her work or pay for the Heron House.**

Interrogatory 2: The amended answer to this interrogatory should moot the

dispute.

**Interrogatory No. 3:** Identify any money, compensation or thing of value which you received from any other Defendant from 2017 to the present. For each instance, identify the payor, the amount, date, the reason for each payment, and how each payment was calculated.

**RESPONSE: Defendant objects to this request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case.**

Interrogatory 3: *See* the arguments set forth in section (3), above.

**Interrogatory No. 4:**
From 2017 to the present, please state whether Plaintiff was given cash, directly or indirectly, from you or any other of the Defendants. Is so, please identify whom; the date of each and every cash payment, the amount of every cash payment, the number of hours of work each cash payment was designed to cover, the business or financial institution from which each and every cash payment was obtained so payment could be made, the persons involved in delivering or in any way processing or handling each cash payment, whether the wages paid to Plaintiff were either identified or made part of your tax filings, and identify the creation date of each document reflecting cash payments made. Please identify all documents relied upon in responding.

**RESPONSE: I made no payments to Plaintiff, ever. I have no knowledge of any payments and I have no knowledge of documents or tax filings or communications about any payments.**

Interrogatory 4: The amended answer to this interrogatory should moot the dispute.

**Interrogatory No. 5:**
Please describe in detail, your duties, responsibilities, work or involvement, if any, did you have with Heron House, Riverside House, or any other Defendant in this case.

**RESPONSE: I have no ownership interest in Heron House Apartments of Steinhatchee, LLC.  I have an ownership interest in El Shaddai Motel Group LLC, but I have absolutely nothing to do with the running of the motel.  I do not have work responsibilities there or with any other Defendant.**

Interrogatory 5: The amended answer to this interrogatory should moot the dispute.

### 6.    Request for Production to Heron House

Requests 1, 11, 17, 18, 19, 21, 25-30, 42:  Plaintiff knows there are no time records, and that Plaintiff was paid in cash.  Responsive documents have been produced, and none are being withheld.

Request 2: Heron House has not identified receipts or invoices Plaintiff created or sent.

Requests 3, 6, 9, 43: Plaintiff knows that Heron House is not disputing coverage.  Thus, the only purpose of these requests is to harass and burden Heron

21

House.

Requests 7, 8, 10: Heron House has produced all responsive documents it was able to locate.

Requests 12, 14, 15, 20: These are among the more absurd requests and arguments from Plaintiff. None of these individuals have time records. Information about their wages is irrelevant for the reasons set forth above in Section III's discussion of Interrogatory 3. These requests are designed to harass, and nothing more.

Request 16: The identity of other workers is discoverable. The issue with this request is that it literally seeks every document identifying any other worker. In other discovery responses, Defendants collectively identify all individuals who provided regular work for any of the properties at issue in the case.

**7.    Interrogatories to Heron House**

**Interrogatory No. 1:**
Please state if Plaintiff ever performed work or services of any kind for you or any other Defendant. If so, identify each calendar day and calendar week the Plaintiff performed work, or alternatively, provided any services or benefits to any of the Defendants, along a description of the work or duties performed each day, the number of hours and minutes the Plaintiff worked each calendar day and each workweek (including the times when commenced and ceased working each day), the Plaintiff's rate, calculation of pay, and the amount she was paid in each workweek.

**RESPONSE: Plaintiff worked at Heron House Apartments of Steinhatchee, LLC. Her main duties were to clean apartments after guests vacated. She also would sweep up and take out trash and perform limited yard maintenance.**

**Plaintiff did not have set hours, except that she was only able to clean apartments between 11:00 a.m. and 3:00 p.m.  She was not required to be on the property during particular hours except when she had rooms to clean.  She worked, at most, 25 hours per week.  She was paid the equivalent of at least $350/week in furnished housing that included free WiFi, cable, utilities, a kitchen, living room, bedroom, and two full bathrooms, $100 per week in cash, plus $25 for each time she cleaned the River House.  On a handful of occasions Susan Creamer asked her to perform a task at another property; on such occasions, Susan Creamer paid her separately for those tasks.**

Interrogatory 1:  The amended answer is responsive and sufficient.

**Interrogatory No. 2:**
For the period of February 1, 2018 to October 2021, provide the identity of each person (employees, workers or anyone you deem as independent contractors) who worked on the premises, offices or property of HHAS. As for each calendar day in that period, identify the specific person working on each shift, the hours comprising each shift, the hours worked that day, the duties performed by each worker on each calendar day, and the total hours worked in the week by each worker.

**RESPONSE: Defendant objects to this request on the grounds that it is overly broad and unduly burdensome. Additionally, Defendant does not have all the information requested. Notwithstanding the foregoing objections and without waiving them, the following individuals regularly worked on the premises of Heron House Apartments and River House during some portion of time between February 1, 2018 and October 2021: Susanna Creamer, Plaintiff, Roxanne Carman, Maria Santosh, Marcela Russell, Shelly Stroupe, Nicole Belcher, Kirby Davis, Windy Davis.**

Interrogatory 2:  The amended answer is responsive and sufficient.  Heron

House does not know the dates and shifts each worker worked.  Heron House has

identified its regular workers to the best of its ability.

**Interrogatory No. 3:**
Please state and fully set forth all facts which you believe support each and every

23

Affirmative Defense that the Defendants assert or will assert, and identify all documents relied upon in your response (by Bates Number).

**RESPONSE: Defendant has not yet determined which facts it will rely upon. Plaintiff received lodging worth at least $350 per week.  Plaintiff had other jobs while allegedly employed by Defendant.  Plaintiff was not required to remain on the premises of Defendant.**

Interrogatory 3:  The amended answer is responsive and sufficient.  Heron

House identifies the facts it presently believes will support its affirmative Defenses.

**Interrogatory No. 4:**
If you claim to have furnished Plaintiff with board, lodging, housing or other facilities: (a) state on what specific date (and from whom) you determined the reasonable cost and the fair value of that board, lodging, housing or other facilities, (b) whether you sought a determination from the Department of Labor as to fair value or reasonable cost (and if so, the date), (c) provide an accounting of the value attached to the reasonable cost and fair value for food, board, lodging, housing or other facilities, along with the mathematical computation or methodology used for the determination (d) identify by Bates stamp number each record you kept reflecting the reasonable cost and the fair value of board, lodging, housing or other facilities (and if so, the date of each record and its date of creation).

**RESPONSE: (a) On the date Plaintiff first stayed (for free) at Heron House, Defendant determined that the lodging it provided Plaintiff was worth $350 per week.  Defendant has since concluded the lodging was likely worth significantly more than $350 per week.  (b) No. (c) Rooms similar to but smaller than Plaintiff's rent for a minimum of $350 per week during off-peak season and rent for far higher during peak season, upwards of $90-100 per night. (d) the fair value of the housing is reflected in the rates charged to rent similar rooms to paying guests.  Examples of rates charged are included in Defendant's document production.**

Interrogatory 4:  The amended answer is responsive. The answer responds to

subpart (b).  Subpart (c) is answered; the accounting is based on the rates at which

www.spirelawfirm.com
Employment Attorneys

the rooms are rented.  Heron House did not keep records reflecting the reasonable cost and the fair value of the lodging.  It is still entitled prove the fair value of the lodging it provided to Plaintiff, however.  *See Balbed v. Eden Park Guest House, LLC*, 881 F.3d 285, 291 (4th Cir. 2018) (citing *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468 (11th Cir. 1982)).

**Interrogatory No. 6:**
Please state and describe in detail, your relationship of each of the other Defendants, whether any of the Defendants jointly hold a legal, equitable or beneficial interest in any real estate, buildings, businesses or property, and if any of the Defendants conducted any business transactions together between 2015 and 2021. If so, identify each person, property or business, and provide a full description for each transaction.

**RESPONSE: Defendant objects to this request on the grounds that it seeks irrelevant information and is not proportional to the needs of the case.  Without waiving these objections, Susan Creamer has an ownership interest and is actively involved in managing the corporate defendants.  Marcelo Cunha has an ownership interest in El Shaddai Group but is not involved in management. Floyd Creamer has an ownership interest in Pretorius Family, LLC but is not involved in management.**

Interrogatory 6:   The request seeks irrelevant information and is not proportional to the needs of the case.  Plaintiff has not provided any foundation for seeking the information requested.  Plaintiff's argument that she is "entitled to know each Defendant's level of control" is mooted by the fact that the interrogatory responses describe each defendant's level of control.

**8.    Conclusion**

Plaintiff's Motion to Compel should be denied based on the arguments set

25

forth above and the amended discovery responses, which together moot or defeat each of Plaintiff's arguments.

Dated this 8th day of April, 2022.

> Respectfully submitted,
>
> SPIRE LAW, LLC
> 2572 W. State Road 426, Suite 2088
> Oviedo, Florida 32765
>
> By: */s/ Ashwin R. Trehan*
>    Ashwin R. Trehan, Esq.
>    Florida Bar No. 42675
>    ashwin@spirelawfirm.com
>    sarah@spirelawfirm.com
>    laura@spirelawfirm.com
>
> Attorney for Defendants | El Shaddai Motel Group, LLC, Heron House Apartments of Steinhatchee, LLC, Pretorius Family, LLC, Susanna Creamer, Floyd E. Creamer, and Marcelo Cunha

## <u>CERTIFICATE OF SERVICE</u>

I hereby Certify that on this 8th day of April, 2022, the foregoing was served via email on all counsel or parties of record on the Service List below.

26

## <u>SERVICE LIST</u>

Peter Bober Esq.
BOBER & BOBER, P.A.
2699 Stirling Road Suite A-304
Hollywood, FL 33312
peter@boberlaw.com

www.spirelawfirm.com
Employment Attorneys