UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO. 4:21-cv-00480-MW-MAF

KAREN LUCKADO,

    Plaintiff,

v.

EL SHADDAI MOTEL GROUP, LLC, a Florida limited liability company; HERON HOUSE APARTMENTS OF STEINHATCHEE, LLC, a Florida limited liability company; PRETORIUS FAMILY, LLC, a Florida limited liability Company; SUSANNA CREAMER a/k/a SUSAN PRICE, an individual; FLOYD E. CREAMER, an individual, and MARCELO CUNHA, an individual,

    Defendants.
_____/

## UNOPPOSED MOTION FOR CLARIFICATION REGARDING ORDER (ECF 20)

Plaintiff, KAREN LUCKADO, by and through her undersigned attorney, files this Unopposed Motion for Clarification regarding the Court's Order (ECF 20) on Plaintiff's Motions to Compel (ECF #'s 14, 15 and 16), and states as follows:

On April 19, 2022, the Court entered an Order (ECF 20) granting *in part*, Plaintiff's Motions to Compel (ECF #'s 14, 15 and 16). The Plaintiff seeks clarification on two issues.

First, although the Court ordered the Defendants to supplement their discovery responses, the Court did not set a specific deadline for compliance. The Plaintiff has conferred with the defense counsel, and the Defendants do not oppose a compliance date of **Friday, April 29, 2022.**

Second, among other things, the Court ordered Defendant, Heron House of Steinhatchee, Inc., to respond to Plaintiff's Request for Production # 16, which sought information about the identities of its workers. *See* Order (ECF 20) at 16. Specifically, the Court ordered:

> Defendant must produce the names addresses, telephone numbers, email addresses, and dates of employment for all **employees** from 2017 to present, but it need not produce every single document that mentions this information

*See* Order at 16 (ECF 20)(emphasis added).

After receipt of the Order, the Plaintiff contacted the Defendants about clarifying the word "employees," since Defendants may have had workers that were not necessarily classified as W-2 "employees." To be sure, Request for Production # 16 to Heron House sought the contact information for employees and workers. *See* Request for Production to Heron House (ECF 16-4). Ultimately, after

conferring, the Defendants do not oppose the Court clarifying that by "employees" the Order *also* encompasses its "workers," generally.

WHEREFORE, the Plaintiff requests that the Court clarify that the Defendants shall comply with its Order (ECF 20) by Friday, April 29, 2022, and that by "employees," the Court includes Heron House's workers regardless of whether they were classified as "employees." The Plaintiff also requests all other relief deemed appropriate.

                                        Respectfully submitted,

                                        BOBER & BOBER, P.A.
                                        Attorneys for Plaintiff
                                        2699 Stirling Road, Suite A-304
                                        Hollywood, FL 33312
                                        Phone: (954) 922-2298
                                        Fax: (954) 922-5455
                                        peter@boberlaw.com

                                        By: s/. Peter Bober
                                               FBN: 0122955

**CERTIFICATE OF GOOD FAITH**

The undersigned counsel certifies that he contacted opposing counsel about the relief sought herein. The Defendants do not oppose a compliance date of Friday, April 29, 2022, nor do they oppose Heron identifying its "workers" (as opposed to just "employees") in response to the Court's Order regarding Request

for Production # 16 to Heron House.  The Plaintiff also requests all other relief deemed appropriate.

By: s/. Peter Bober