UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

KAREN LUCKADO,

Plaintiff,

v.                      Case No. 4:21-cv-00480-MW-MAF

EL SHADDAI MOTEL GROUP, LLC, a Florida
limited liability company; HERON HOUSE
APARTMENTS OF STEINHATCHEE, LLC, a
Florida limited liability company; PRETORIUS
FAMILY, LLC, a Florida limited liability
Company; SUSANNA CREAMER a/k/a SUSAN
PRICE, an individual; FLOYD E. CREAMER,
an individual, and MARCELO CUNHA,

Defendants.
_____/

**RESPONSE IN OPPOSITION TO
PLAINTIFF'S SECOND MOTION TO COMPEL**

Defendants Heron House Apartments of Steinhatchee, LLC ("Heron House"), Pretorius Family, LLC ("Pretorius"), El Shaddai Motel Group, LLC ("El Shaddai"), Susan Creamer, Floyd Creamer, and Marcelo Cunha, respond to Plaintiff's Motion to Compel (D.E. 25) as set forth herein.

**I.    Background**

This case involves a single plaintiff, Karen Luckado, asserting claims under

1

the Fair Labor Standards Act in which Plaintiff alleges she was a live-in worker for Heron House. Heron House is a vacation rental facility in Steinhatchee Florida consisting of eight units for which Plaintiff asserts she worked an average of seventy hours of work per week.[1] Defendant Heron House has been candid that it does not have contemporaneous time records, thus, much of discovery has to do with assessing other records to determine the amount of work actually performed by Plaintiff.

The undersigned appeared on this matter on April 26, 2022 and the current Motion was filed three days later, on April 29, 2022. Prior to that time a former attorney with Spire Law, Mr. Ashwin Trehan, was handling the matter. It was not until on or around the latter part of April that the undersigned had any familiarity with the issues at play in this case.

At roughly the same time that the undersigned was working to finalize the supplementation to Defendants' discovery responses and production, Plaintiff's counsel filed the present Motion. The undersigned reached out to Plaintiff's counsel shortly thereafter noting that Defendants intended to amend their responses to Plaintiff's discovery requests to address many of the issues raised in the Motion in

---

[1] While two other entities are named in this matter, they were not part of Ms. Luckado's regular work duties. Ms. Susanna Creamer, who has an ownership interest in El Shaddai and Pretorious asked Ms. Luckado to help with those facilities on a couple of occasions within the three years preceding this lawsuit, which Ms. Creamer estimates to be approximately two days of painting at Pretorious and five or fewer days at El Shaddai doing painting and some cleaning.

an effort to obviate a second order from the Court, or at least narrow the scope to reduce the needed instruction on discovery matters. The Court accelerated the response schedule [Doc. 26] setting the response as due within one week of filing. However, Plaintiff agreed to a one-week extension—thus giving two weeks to respond to the Motion.

In the intervening two weeks, counsel for the Parties have undertaken multiple discussions on: 1) settlement; 2) e-discovery retrieval of cellular phone records[2]; 3) a supplemental response to discovery and production by Defendants in compliance with the Court's Order compelling discovery; 4) issues Plaintiff plans to raise in an anticipated Third Motion to Compel; 5) planning for the deposition of the corporate representative for Heron House on May 27, 2022; and 6) the beginning of the planning of the depositions Plaintiff is seeking of the following individuals: Shelly Stroupe, Kirby Davis, Dawn Daigle, David Blount, and Charlotte Sparks.

In short, the undersigned has been addressing a variety of issues raised quickly by Plaintiff while becoming acquainted with this matter, and believes there is room for agreement on much of the dispute set forth in the Motion. However, when the

---

[2] During the time, Plaintiff's counsel suggested two IT vendors. First was Cyber Centaurs in Lake Mary Florida, asking that Ms. Creamer drop the cell phones off there—Lake Mary is approximately 180 miles from Steinhatchee. Second was Gnosys Networks in Gainesville. However, upon the undersigned's discussion with Mr. Jim Houston of Gnosys Networks, he indicated that they had not performed data collection from cellular phones for a litigation matter, and that they did not have access to a review platform such as Relativity. Ultimately, the undersigned researched various providers and reached out to Lineal to plan the data collection. Plaintiff's counsel has approved this provider, and the undersigned is expecting an email from a Mr. Eric Foley from Lineal to set up the data collection process which is anticipated to be a fully remote data capture.

undersigned asked Plaintiff's counsel to forestall objection to Defendants moving for one more week to brief the response to the Motion, the response was: "I think your client should respond to the motion to compel, and we will oppose any further extension." This was despite the undersigned proposing that Defendants planned to supplement discovery on or around Wednesday May 19, 2022 and noting that the briefing of this Response would take time away from working with the Defendants to clarify and refine Defendant's discovery responses and work on production of supplemental documentation.

In short, despite the large volume of discussions had between counsel for both parties, there has no time for the undersigned to undertake dedicated conferral with Plaintiff's counsel on this Motion. The undersigned believes that such efforts would be fruitful in at least narrowing the issues.

## II.    Memorandum of Law

Local Rule 7.1(B) states that "Before filing a motion raising an issue, an attorney for the moving party must attempt to resolve the issue through a meaningful conference with an attorney for the adverse party." Notably, at the time the Motion was filed, Mr. Ashwin Trehan, the attorney with whom Plaintiff's counsel had conferred regarding discovery, had withdrawn from the matter. [Doc. 24.] Thus, whatever conferral may have occurred with Mr. Trehan, at the time of Plaintiff filing

the present Motion, Plaintiff's counsel had not conferred with the attorney that was, at that time, an attorney for Defendants.

This Court's own Initial Scheduling Order directs that "Counsel should attempt to resolve discovery controversies without the Court's intervention. The Court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, counsel are unable to reach an accord." [Doc. 7 at § 8.]

Further than the technicalities of the timing of conferral, however, is the goal of the rule. The spirit of Local Rule 7.1(B) appears to be in line with the same sentiment expressed in the Middle District's Rule 3.01(g) which is further articulated in the Middle District's Discovery Handbook stating that discovery should be practiced with a spirit of cooperation and civility. *See e.g.* Middle District Discovery (2021) at Section I.A.1 available at https://www.flmd.uscourts.gov/civil-discovery-handbook/chapter01/a-courtesy-and-cooperation-among-counsel. And further, that agreements reached amongst the parties help "avoid unnecessary judicial labor." *See id.* at Section I.A.5.

Furthermore, other federal courts within Florida have denied motions to compel, without prejudice, on the basis of an anticipated change in counsel. *See, e.g. Gomez v. Foreva Jens, Inc.*, ECF 0:20-cv-60406, Doc. 26, Paperless Order (S.D.

5

Fla., July 13th, 2020) (denying, without prejudice, a motion to compel discovery when there was a pending motion to for defendant's counsel to withdraw given the anticipation of a new counsel of record).

### III. The Motion Should be Denied Without Prejudice to Permit Meaningful Conferral

Many of the legal issues here are not particularly complex, however the factual issues attendant with discovery are somewhat convoluted. There are three corporate entities and three individual Defendants. The undersigned has to discuss these matters with various individuals and vet which ones have what information and in what capacity they have it. Moreover, the undersigned is still coming up to speed on the background of this case.

The corporate representative deposition for Heron House is in less than two weeks. The undersigned asked Plaintiff's counsel, specifically, what he thought was missing from Heron House's production so that we could be "on the same page in terms of efforts."  The Plaintiff's response to the message was that Defendants should respond to the Motion.

Thus, Defendants submit this response noting that they believe there is much room for agreement and compromise. Defendants further posit that both the letter and spirit of the local rule have not been followed, as Plaintiff has set forth a regular drumbeat of discovery related issues over the past two weeks that have demanded

6

much time and effort. Those issues have taken time and attention away from a fulsome effort to resolve this dispute.

Simply put, new counsel should be afforded an opportunity to assess the situation and have meaningful discussions about discovery before their client is subject to an order compelling discovery. Especially when the discovery phase of a case has five months remaining. [Doc. 12 (setting the discovery deadline of this matter for October 28, 2022).]

### IV. Conclusion

Accordingly, Defendants Heron House Apartments of Steinhatchee, LLC ("Heron House"), Pretorius Family, LLC ("Pretorius"), El Shaddai Motel Group, LLC ("El Shaddai"), Susan Creamer, Floyd Creamer, and Marcelo Cunha respectfully request that the Court deny Plaintiff's Second Motion to Compel, without prejudice.

[Remainder of Page Intentionally Blank]

Dated this 16th day of May, 2022.

>Respectfully submitted,
>
>SPIRE LAW, LLC
>2572 W. State Road 426, Suite 2088
>Oviedo, Florida 32765
>
>By: */s/ Jesse I. Unruh*
>　　Jesse I. Unruh, Esq.
>　　Florida Bar No. 93121
>　　jesse@spirelawfirm.com
>　　sarah@spirelawfirm.com
>　　laura@spirelawfirm.com
>
>Attorney for Defendants | El Shaddai Motel Group, LLC, Heron House Apartments of Steinhatchee, LLC, Pretorius Family, LLC, Susanna Creamer, Floyd E. Creamer, and Marcelo Cunha

## CERTIFICATE OF SERVICE

I hereby Certify that on this 16th day of May, 2022, the foregoing was served via email on all counsel or parties of record on the Service List below.

## SERVICE LIST

Peter Bober Esq.
BOBER & BOBER, P.A.
2699 Stirling Road Suite A-304
Hollywood, FL 33312
peter@boberlaw.com