UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Case No. 4:21-cv-00480-MW-MAF

KAREN LUCKADO,

    Plaintiff,

v.

EL SHADDAI MOTEL GROUP, LLC, a Florida
limited liability company; HERON HOUSE
APARTMENTS OF STEINHATCHEE, LLC, a
Florida limited liability company; PRETORIUS
FAMILY, LLC, a Florida limited liability
Company; SUSANNA CREAMER a/k/a SUSAN
PRICE, an individual; FLOYD E. CREAMER,
an individual, and MARCELO CUNHA, an
individual

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS WITH PREJUDICE

Plaintiff, Karen Luckado, and Defendants, El Shaddai Motel Group, LLC, Heron House Apartments of Steinhatchee, LLC, Pretorius Family, LLC, Susanna Creamer, Floyd E. Creamer, and Marcelo Cunha, by and through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice, and state the following in support thereof:

The Plaintiff's case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* for unpaid minimum and overtime wages. *See* Complaint (ECF 1). The Plaintiff has also brought a claim for minimum wages under the Florida Constitution's Minimum Wage Amendment ("FMWA"), Art. X §24 Fla. Const. *Id.*

1

The Plaintiff alleges she was employed at the Defendants' various apartments and inns near Steinhatchee, Florida. Despite working about seven days per week, and working about 70 hours per week, the Plaintiff alleges the Defendants paid her only $100.00 per week. *See* Complaint at ¶¶23-25.

The Defendants' Answer (ECF 6) denies virtually all the Plaintiff's allegations take the position that their businesses were not covered by the FLSA or the Florida Minimum Wage Amendment. *See* Affirmative Defense # 4 (ECF ). Besides the Parties arguing whether there is the existence of FLSA coverage or whether an employment relationship existed between the Parties, there exist numerous factual disputes including, but not limited to:

(a) the number of hours worked by Plaintiff;

(b) whether the Plaintiff performed work for any business other than Heron House Apartments of Steinhatchee, LLC.

(c) whether the Plaintiff was an "independent contractor," or rather, an "employee"; even if the Plaintiff was an "employee," Defendants claim it was only for one of the Defendants—not all of them;

(d) whether the individual Defendants have liability, as they claim to have lacked the necessary supervision/oversight required for personal liability;

(e) whether the Plaintiff worked overtime hours even if she is found to be an employee of one or more of the Defendants;

(f) whether Defendants willfully violated the FLSA;

(g) whether the Plaintiff is entitled to liquidated damages; and,

  (h)  whether the Defendants' records comply with the FLSA's recordkeeping provisions.

  The Parties, through their counsel, were involved in extensive settlement negotiations, over several months, and in-depth discussions about the case. After significant litigation, including motion practice related to discovery, and based on discussions between counsel, analysis, and exchange of information, the parties stipulate and represent that there is a *bona fide* dispute between the Parties regarding the merits of Plaintiff's case, the back wages and relief claimed therein.

  Notably, the Defendants argue that the motels/apartments where the Plaintiff alleges to have worked are "mom and pop" small businesses. Thus, the Defendants claim to have limited financial resources even if the Plaintiff prevails on all or some of her claims. Even if the Plaintiff were able to prevail for more money than the settlement reached herein, significant financial constraints would exist, not to mention potential collection problems.

  Based on the facts and arguments discussed and presented between the Parties, Plaintiff and Defendants have agreed to resolve this case in its entirety on terms which they mutually stipulate and agree are fair, reasonable, and adequate.

  Accordingly, Defendants agreed to pay the sum of **$91,000.00** to resolve this case (comprised of $37,250 in wages; $37,250 in liquidated damages and $16,500 as attorneys' fees and costs). The amount Defendants agreed to pay for the aforementioned attorney's fees and costs in this case was agreed upon separately from

the amounts it agreed to pay the Plaintiff. A copy of the Settlement Agreement is attached to this Motion as **Exhibit A**.

## DISCUSSION

A compromised FLSA settlement becomes final and enforceable if it is supervised by either the Department of Labor or a court. *See Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving an FLSA settlement, a court must scrutinize it to determine if it constitutes a fair and reasonable resolution of a *bona fide* dispute. *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*.

With respect to attorney's fees and costs, scrutiny is not required where the Parties stipulate that the sum to be paid "was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D.Fla.2009). Where such a stipulation is made, and the settlement is otherwise reasonable on its face, there is no reason to conclude that the Plaintiff's recovery "was adversely affected by the amount of fees paid to his attorney." *Id*.

The amount of Plaintiff's recovery represented a compromise based upon a *bona fide* dispute as to the issues of FLSA coverage, whether wages are owed to Plaintiff, and the number of hours worked by Plaintiff. Had the Defendants proven a lack of coverage under the FLSA, the Plaintiff would have received nothing. Similarly, had

4

the Defendants shown that the Plaintiff was not an FLSA "employee" the Plaintiff would not have received anything for her minimum wage and overtime claims—even if she proved to have worked hours in excess of 40 per week. Alternatively, even if the Plaintiff had prevailed, her ability to collect a judgment, if at all, would depend on the financial resources of the Defendants.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order approving the attached Settlement Agreement, retain jurisdiction to enforce the Defendants' payment obligations, and dismiss this action with prejudice.

Respectfully submitted this 27th day of June, 2022 by:

| /s/ Peter Bober | /s/ Jesse Unruh |
|---|---|
| **PETER BOBER, ESQ.** | **JESSE UNRUH, ESQ.** |
| Florida Bar No.: 0122955 | Florida Bar No.: 93121 |
| Bober & Bober, P.A. | Spire Law, LLC |
| 2699 Stirling Road | 2572 W. State Road 426 |
| Suite A-304 | Suite 2088 |
| Hollywood, FL 33312 | Oviedo, FL 32765 |
| Phone: (954) 922-2298 | E-mail: jesse@spirelawfirm.com |
| Fax: (954) 922-5455 | sarah@spirelawfirm.com |
| peter@boberlaw.com | laura@spirelawfirm.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |