UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Case No. 4:21-cv-00480-MW-MAF

KAREN LUCKADO,

　Plaintiff,

v.

EL SHADDAI MOTEL GROUP, LLC, a Florida limited liability company; HERON HOUSE APARTMENTS OF STEINHATCHEE, LLC, a Florida limited liability company; PRETORIUS FAMILY, LLC, a Florida limited liability Company; SUSANNA CREAMER a/k/a SUSAN PRICE, an individual; FLOYD E. CREAMER, an individual, and MARCELO CUNHA, an individual

　Defendants.
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF FAIR LABOR STANDARDS ACT CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS ("Agreement") is made by and between Plaintiff, KAREN LUCKADO, and the Defendants, EL SHADDAI MOTEL GROUP, LLC, HERON HOUSE APARTMENTS OF STEINHATCHEE, LLC, PRETORIUS FAMILY, LLC, SUSANNA CREAMER FLOYD E. CREAMER, and MARCELO CUNHA (all together the "Parties" and individually "Party").

WHEREAS, Plaintiff filed the above-referenced case for unpaid overtime compensation and minimum wages pursuant to the Fair Labor Standards Act, as

1

amended, 29 U.S.C. §201, *et seq.* ("FLSA"), as well as minimum wages under the Florida Minimum Wage Amendment ("FMWA"), Art. X, §24 Fla. Const.

WHEREAS, Defendants deny the relief sought and liability alleged by the claims asserted by the Plaintiff; and

WHEREAS, Plaintiff and Defendants wish to avoid additional prolonged litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned Parties that the above-styled case is hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RELEASE OF FAIR LABOR STANDARD ACT CLAIMS**.

    a. This Agreement shall constitute a waiver and release of overtime, minimum wage claims Plaintiff has or might have under the FLSA or FMWA.

    b. Upon execution of this Agreement, the Parties shall immediately file the Joint Motion for Approval of Settlement and Dismissal with Prejudice with the Court, attached hereto as Exhibit "A."

    c. Plaintiff hereby knowingly and voluntarily releases Defendants of

and from all claims brought for overtime or minimum wage compensation under the Fair Labor Standards Act and the FMWA.

3. **CONSIDERATION**.

The Defendants, jointly and severally, agree to pay Plaintiff and her counsel the total sum of $91,000.00 (the "Settlement Sum")(comprising $37,250.00 to the Plaintiff as overtime wages, subject to applicable withholdings; $37,250.00 to the Plaintiff as liquidated damages; and, separately, $16,500 to Plaintiff's counsel as attorneys' fees and costs). The Defendants shall pay the Settlement Sum in six (6) installments as follows:[1]

    a. Installment # 1 of the Settlement Sum for $40,000 shall be delivered to Plaintiff's counsel's office by not later than June 30, 2022;

    b. Installment # 2 of the Settlement Sum for $10,200 shall be delivered to Plaintiff's counsel's office by not later than July 31, 2022.

    c. Installment # 3 of the Settlement Sum for $10,200 shall be delivered to Plaintiff's counsel's office by not later than August 30, 2022.

    d. Installment # 4 of the Settlement Sum for $10,200 shall be delivered to Plaintiff's counsel's office by not later than September 30, 2022.

    e. Installment # 5 of the Settlement Sum for $10,200 shall be delivered to Plaintiff's counsel's office by not later than October 31, 2022.

---

[1] All payments shall be less all applicable tax withholdings and deductions for amounts payable to Plaintiff for alleged unpaid overtime compensation and/or back wages. Payment of the wage portion of this settlement is contingent upon Plaintiff providing an IRS form W-4 to Defendants.

    f.  Installment # 6 of the Settlement Sum for $10,200 shall be delivered to Plaintiff's counsel's office by not later than November 30, 2022.

All amounts above shall be paid to the trust fund of Bober & Bober P.A. and no amounts shall be disbursed therefrom unless and until this Agreement is approved by the presiding judge and this matter is dismissed with prejudice.

  Defendants shall cause the installments to be paid to the Plaintiff counsel's Trust Account by check or by electronic wire transfer by the dates set forth above.  Time is of the essence.  If the Defendants default in their payment obligations or fail to timely pay any installment of the Settlement Sum as specifically set forth above, the Plaintiff will be entitled seek in a court of competent jurisdiction, an unopposed, self-executing default final judgment against the Defendants, jointly and severally, in the amount of $116,000.00 less any amounts paid hereunder; provided, however, that prior to seeking this default remedy, the Plaintiff shall provide notice of the default to Defendants' counsel by email and telephone with a three (3) day right to cure the default.  Should Defendants default without curing same, the Defendants shall pay all reasonable attorneys' fees and costs with respect to Plaintiff's enforcement of this Agreement and collection of the judgment.  The Parties agree that enforcement provisions set forth herein are not a penalty, but rather, damages to which the Plaintiff sought entitlement as part of the instant federal court litigation.

The Parties agree and acknowledge that the amount paid to the Plaintiff was agreed to and negotiated separately from the amount paid herein by Defendants for attorneys' fees and costs.

4. **NO ADMISSION**. Neither this Agreement, nor the furnishing of the consideration for this Agreement, shall be deemed or construed at any time, for any purpose, as an admission by the Defendants of any liability, unlawful conduct of any kind, or violation by the Defendants of the FLSA or Florida law.

5. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.

6. **RELEASE OF FLSA AND FMWA CLAIMS**

The Plaintiff releases all claims which arise under the FLSA and the FMWA. This Agreement sets forth the entire agreement between Plaintiff and Defendants as to settlement of the Plaintiff's FLSA and FMWA claims.

7. **MUTUAL GENERAL RELEASE**

In further consideration of the payments provided for in this Release and promises made hereunder, the Plaintiff and the Defendants, on behalf of themselves and their heirs, estates, representatives, successors, assigns and agents, hereby expressly and unconditionally waive any appeal from a court order approving this settlement and dismissing the Action with prejudice, and release and forever discharge each other and all the Company's present and former officers, directors, employees, agents, attorneys, predecessors, successors, assigns, shareholders, parents,

subsidiaries, affiliated entities, representatives, transferors, transferees, partners, principals, trustees, executors, members, insurers, investors, servants, beneficiaries, devisees, guardians, heirs, and all other persons, firms, corporations, divisions, associations, limited liability companies, joint ventures, and/or partnerships, associated therewith or related thereto (hereinafter collectively referred to as "General Release Parties") from any and all claims and causes of action of any nature that have arisen or could have arisen prior to the date of this Mutual General Release, including but not limited to all claims for all claims related services provided as an employee or independent contractor of the Defendants or any other Generally Released Parties that were or could have been asserted in the Action, whether under federal, state, local or other laws or ordinances, or pursuant to contract, tort, or equitable theories the Defendants or the Plaintiff and on behalf of herself and her heirs, estates, representatives, successors, assigns and agents, specifically each other and all of the Generally Released Parties from any and all claims causes of action for the fees, costs, or expenses of any and all attorneys who have at any time or are now representing Plaintiff or Defendants, respectively, in connection with any claims they had, or may have had and/or in connection with any matters released in this Release.

8.  **NON-DISPARAGEMENT**

The Defendants will not disparage orally or in written form (including social media) Plaintiff's work performance, her conduct or otherwise take any action which could reasonably be expected to adversely affect Plaintiff's personal or professional

reputation. In the event a prospective employer requests an employment reference for Plaintiff, the Defendants agree it will only provide dates of employment and/or positions held and will not disclose the existence of this dispute or Settlement Agreement. Furthermore, the Defendants agree to execute a neutral reference letter on company stationery as set forth in the Exhibit, attached hereto.

9. **MISCELLANEOUS**

By not later than June 30, 2022, the Defendants, through its accountants shall revise and correct all 1099 forms issued to Plaintiff to remove amounts indicated "Rents," shall reissue Plaintiff corrected tax forms, and shall take all actions necessary to refile the corrected documents with the appropriate federal and/or state taxing authorities.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA AND FMWA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR RESPECTIVE ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT. HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT, THE PARTIES**

**FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT.**

**THE PARTIES ARE AGREEING TO THE FOREGOING TERMS AND ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

_____
**Karen Luckado**

Date:

_____
**Heron House Apartments of Steinhatchee, LLC**, through its authorized corporate officer

Date: 06 / 26 / 2022

_____
**Susanna Creamer a/k/a Susan Creamer**

Date: 06 / 26 / 2022

_____
**El Shaddei Motel Group, LLC,** through its authorized corporate officer

Date: 06 / 26 / 2022

_____
**Floyd Creamer**

Date:

_____
**Pretorius Family, LLC,** through its authorized corporate officer

Date: 06 / 26 / 2022

_____
**Marcelo Cunha**

Date:

Doc ID: 0fdce9417039cdf76fdd76c2c90dbfec5066e6e1

FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT.

THE PARTIES ARE AGREEING TO THE FOREGOING TERMS AND ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

_____
**Karen Luckado**

Date:

_____
**Susanna Creamer a/k/a Susan Creamer**

Date:

*Floyd creamer*
_____
**Floyd Creamer**

Date: 06 / 24 / 2022

_____
**Marcelo Cunha**

Date:

_____
**Heron House Apartments of Steinhatchee, LLC**, through its authorized corporate officer

Date:

_____
**El Shaddei Motel Group, LLC,** through its authorized corporate officer

Date:

_____
**Pretorius Family, LLC,** through its authorized corporate officer

Date:

Doc ID: 208c5963258466797508ea8bdfcc66e9cec14170

**FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT.**

**THE PARTIES ARE AGREEING TO THE FOREGOING TERMS AND ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

_____
**Karen Luckado**

Date:

_____
**Heron House Apartments of Steinhatchee, LLC**, through its authorized corporate officer

Date:

_____
**Susanna Creamer a/k/a Susan Creamer**

Date:

_____
**El Shaddei Motel Group, LLC,** through its authorized corporate officer

Date:

_____
**Floyd Creamer**

Date:

_____
**Pretorius Family, LLC,** through its authorized corporate officer

Date:

*Marcelo Cunha*
_____
**Marcelo Cunha**

Date: 06 / 26 / 2022

8

**FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT.**

**THE PARTIES ARE AGREEING TO THE FOREGOING TERMS AND ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

_____
**Karen Luckado**

Date: 06 / 25 / 2022

_____
**Heron House Apartments of Steinhatchee, LLC**, through its authorized corporate officer

Date:

_____
**Susanna Creamer a/k/a Susan Creamer**

Date:

_____
**El Shaddei Motel Group, LLC,** through its authorized corporate officer

Date:

_____
**Floyd Creamer**

Date:

_____
**Pretorius Family, LLC,** through its authorized corporate officer

Date:

_____
**Marcelo Cunha**

Date:

Doc ID: db69b14169ceebbbadf22b2728da8cd6ce1f9f68

# HERON HOUSE APARTMENTS OF STEINHATCHEE, LLC
1117 3rd Ave SE, Steinhatchee, FL 32359

To Whom It May Concern:

Please be advised that Karen Luckado worked at Heron House Apartments of Steinhatchee, LLC from 2018 to 2021. Ms. Luckado worked as a manager, was paid a weekly salary and performed a wide range of guest services duties related to that position. Due to strict company policy, we are unable to provide any other information about former workers to prospective employers.

Sincerely,

SUSAN CREAMER
Owner

Doc ID: 0fdce9417039cdf76fdd76c2c90dbfec5066e6e1